**Bernard Eugene ANDERSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-83-503.**

Court of Criminal Appeals of Oklahoma.

July 24, 1985.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Bernard Eugene Anderson, was tried and convicted in the District Court of Comanche County, Case No. CRF–82–698, for the offense of Disposing of a Stolen Vehicle, in violation of 47 O.S.1981, § 4–103. The jury found appellant had previously been convicted of two felonies, and assessed punishment at twenty (20) years imprisonment. 21 O.S.1981, § 51 B. Judgment and sentence was imposed in accord with the jury's verdict, and we affirm.

At around noon on August 3, 1982, James Barrett discovered his 1979 Cadillac had been stolen from the Cecil Lawson Buick Company in Lawton, Oklahoma. Two hours later, appellant and a companion agreed to sell an undercover police officer a Cadillac for $1000. At 4:00 p.m., the pair returned with a car subsequently identified as Barrett's Cadillac. They sold this car to the officer for $1000, and appellant himself produced the keys to the car and took the money. This transaction was recorded by Lawton police on a hidden video-tape camera.

## I.

In his first assignment of error, appellant alleges the judgment and sentences admitted at preliminary hearing did not prove appellant had received two prior felony convictions, and therefore, the state could not properly seek enhancement of punishment at trial. Appellant alleges one

of the judgments was merely an order deferring sentencing for two years.

However, our study of the preliminary hearing record reveals the judgment and sentence in question was returned to the State at the close of the hearing. This was done without objection by defense counsel. It is well established that counsel for a defendant has a duty to insure that a sufficient record is provided to this Court, so that we may determine the issues. *Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977). The challenged judgment and sentence is not included in the record, and therefore, this contention must fail.

## II.

■ Appellant argues in his second assignment of error that the undercover officer, Victor Montalvo, injected an evidentiary harpoon into the proceedings when he testified:

Q Sir, I'm going to call your attention to the 3rd day of August, 1982. How were you employed at that time?

A We were operating a sting operation, receiving stolen property.

Subsequent testimony revealed this "sting operation" involved the establishment of an undercover fencing operation for stolen goods. Officer Montalvo was one of the undercover officers assigned to the investigation.

In *Bruner v. State*, 612 P.2d 1375 (Okl. Cr.1980), we set out the elements necessary to classify an officer's statement as an evidentiary harpoon:

... (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are willfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial.

*Id.* at 1378–79.

In this case, the evidence showed that Montalvo was not an experienced officer;

in fact, he was new to the force. Furthermore, the response was made in answer to the prosecutor's question and was not offered "out of the clear blue sky." *Riddle v. State*, 373 P.2d 832 (Okl.Cr.1962). The remark did not indicate appellant's involvement in another crime,[1] and in light of overwhelming—albeit partially circumstantial—evidence of guilt, we cannot say appellant was prejudiced.

## III.

In his third assignment of error, appellant raises several challenges to the admission of testimony by Officer Montalvo and Detective Donald Belcher, who secretly recorded the sales transaction. He also challenges the manner in which the video-tape recording was admitted.

Appellant first claims the testimony of Officer Belcher and Detective Montalvo violated the best evidence rule codified at 12 O.S.1981, § 3001 *et seq.* It is argued that the testimony of these officers should not have been permitted before admission of the video-tape. Appellant claims the video-tape, rather than the officers' testimony, constituted the best evidence. We do not agree.

■ This argument totally misinterprets the scope and purpose of the best evidence rule. In *People v. Kulwin*, 102 Cal.App.2d 104, 226 P.2d 672 (1951), the California Court of Appeals was faced with a nearly identical situation. In the course of its opinion, that Court explained:

We are impressed that the so-called "best evidence" rule has no application to the circumstances here involved. We are not here confronted with a situation wherein the witness was testifying to the contents of a document but are confronted with a situation in which the officer who testified at the time of trial actually overheard the conversations to which he

1. At most, the statement was "[a]n implication of another crime which [was] obvious only to defense counsel ..." and, accordingly, was not

evidence of another crime. *King v. State*, 640 P.2d 983, 986 (Okl.Cr.1982).

testified. Where one testifies to what he has seen or heard such testimony is primary evidence, regardless of whether such fact or facts are reduced to writing or incorporated in a record or document. In other words, the witness is not testifying as to what the writing contains, but as to what he observed and knew because he heard it. While the recordings might be more reliable and satisfactory evidence under ordinary circumstances than testimony from memory, the latter is not rendered incompetent by the fact of the existence of the former.

*Id.* at 674. This exception to the best evidence rule is universal in American jurisprudence. *See* 32A C.J.S. § 786, pp. 107–08. *See also* Cleary, *McCormick on Evidence*, § 233, pp. 707–08 (1984). The testimony of these officers was properly received. It makes no difference, under the best evidence rule, that the occurrence of the event was recorded, for this recording does not supplant the testimony of the witness who perceived it. This assignment of error is without merit.

■ Furthermore, appellant claims the trial court unduly restricted his cross-examination of the officers regarding the contents of the video-tape. We have held that the extent of cross-examination is a matter resting largely in the sound discretion of the trial court. *Hickerson v. State*, 565 P.2d 684, 686 (Okl.Cr.1977). We cannot say an abuse of discretion occurred here, especially as the jury heard the testimony of the officers and was able to compare it with the tape, which they viewed.

Finally, appellant complains the tape is not included in the appellate record. However, as we have previously explained, it is the duty of the appellant to insure that the record is complete on appeal. *Martinez v. State, supra*. This proposition is without merit.

### IV.

■ Next, appellant claims the evidence was insufficient to prove appellant committed this offense. Specifically, appellant claims there was no showing he knew the car was stolen. However, we have held "the State is not required to prove that the accused had actual knowledge that the property was stolen. It is sufficient to prove that the accused had reasonable cause to believe the property was stolen." *Fields v. State*, 666 P.2d 1301, 1303 (Okl. Cr.1983). In this case, the close connection in time between the theft and the sale of the car, the fact that a 1979 Cadillac was sold for only $1000, and failure of the appellant to transfer the title of the car, all support the jury's findings. *Cf. Richardson v. State*, 545 P.2d 1292 (Okl.Cr.1976). This assignment of error is without merit.

### V.

Appellant also contends he was denied effective assistance of counsel through the legal representation afforded him by defense counsel. We have examined this assignment of error under the recent standards announced by the United States Supreme Court in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find this assignment of error without merit.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.