The STATE of Oklahoma, ex rel. Robert H. MACY, District Attorney of Oklahoma County, Oklahoma, Petitioner,

v.

Daniel OWENS, Judge of the District Court, Respondent.

No. P 96–1335.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1997.

Publication Ordered Feb. 26, 1997.

*ORDER GRANTING PETITION FOR WRIT OF PROHIBITION AND DISSOLVING STAY OF DISTRICT COURT PROCEEDINGS*

The State of Oklahoma, by and through Robert H. Macy, District Attorney for Oklahoma County, filed an application to assume

original jurisdiction and petition for writ of prohibition concerning Case No. CF–89–4717 in the District Court of Oklahoma County. The State asks that the Respondent, the Honorable Daniel L. Owens, District Judge, be prohibited from enforcing his oral order of October 3, 1996, disqualifying the entire Oklahoma County District Attorney's Office from prosecuting the re-trials in Case No. CF–89–4717. Before deciding the matter, this Court directed the Respondent, or his designated representative, to respond. *State ex rel. Macy v. Owens,* No. P 96–1335 (Okl. Cr. October 31, 1996). The Defendants in Case No. CF–89–4717 (the "Defendants"), the real parties in interest, have tendered a response brief that will, under the facts of this matter and in the interest of justice, be accepted for filing.

The facts of this matter can be summarized as follows. Defendants were convicted in a jury trial in Case No. CF–89–4717, and judgments and sentences were entered. This Court overturned the judgments and sentences on direct appeal, and remanded the cases to the District Court for new trial. *Omalza v. State,* 911 P.2d 286 (Okl.Cr.1995). On remand, two Assistant District Attorneys, who did not prosecute the first trial, have been assigned to prosecute the retrials. On motion of the defendants, the two Assistant District Attorneys who prosecuted the first trial were disqualified from prosecuting the retrials, pursuant to Rule 3.7 of the *Oklahoma Rules of Professional Conduct* (the "Rules"), 5 O.S.1991, Ch. 1, App.3–A, because they are likely to be necessary witnesses during the retrials. Because the two Oklahoma County Assistant District Attorneys were and are disqualified, Judge Owens also entered the oral order disqualifying the entire office of the Oklahoma County District Attorney from prosecuting the retrials. The State seeks to reverse that order disqualifying the entire office in this proceeding for a writ of prohibition.

▬ The State contends Judge Owens' ruling was not adequately supported or authorized by law. The State argues neither the Rules, nor any other Oklahoma law, requires the disqualification of the entire office of the Oklahoma County District Attorney just be-

cause two members of that office are likely to be necessary witnesses in the retrial of Case No. CF–89–4717. The State also argues Judge Owens should have considered other alternatives, besides disqualification of the entire office, to cure any perceived infringements upon the due process rights of the defendants. Defendants' contend the State's only claim in this proceeding is that Judge Owens abused his discretion, and that such discretionary decisions are not a proper subject for extraordinary writ proceedings over which this Court should accept original jurisdiction. Defendants also contend Judge Owens ruling is amply supported by the cited authority and, therefore, there is no abuse of discretion.

▬ District Attorneys in the State of Oklahoma, or the Assistant District Attorneys in their office, must be allowed to appear in all trial courts and prosecute all actions for crime committed in their districts. 19 O.S.1991, § 215.4. This general statutory provision must obviously be followed unless superseded by a more specific statute or law which requires the district attorney and all of his or her assistants to be disqualified from acting in a particular matter. 19 O.S.1991, § 215.9; *see also, e.g., Stiles v. State,* 829 P.2d 984, 989 (Okl.Cr.1992).

Judge Owens' order disqualifying the entire Oklahoma County District Attorney's office was made orally at a hearing conducted October 3, 1996. The transcript of that hearing indicates citations of authority were provided to Judge Owens before his ruling was made. Those citations along with the authority cited in the response brief filed in this matter must be considered as the specific authority supporting the ruling, and justifying the departure from the general rule that a District Attorney shall appear in all criminal actions for crime committed in his or her district. Basically, such authority includes Rule 3.7, *supra,* and Rule 1.10 of the Rules, along with the case authority construing both those Rules and the predecessors to the Rules in the Code of Professional Responsibility. Also cited as authority supporting the ruling are the due process clauses of the Oklahoma and the United States Constitutions.

Rule 3.7(b) of the Rules specifically provides that a "lawyer *may* act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." *Rules, supra,* Rule 3.7(b) (emphasis added). The parties to this action both specifically acknowledge that the office of the Oklahoma County District Attorney is not precluded from acting as advocates in the retrial of Case No. CF–89–4717 by Rule 1.7 or Rule 1.9 of the Rules. Therefore, the plain language of Rule 3.7(b) *specifically allows* lawyers in the Oklahoma County District Attorney's office, other than the two lawyers likely to be called as witnesses, to prosecute the retrial of Case No. CF–89–4717. Therefore, Rule 3.7 does not provide lawful authority to support Judge Owens' order, or provide a legal basis to disqualify the entire Oklahoma County District Attorney's office. The imputed disqualification provision in Rule 1.10 is also only applicable under rules which the parties agree do not apply to Case No. CF–89–4717. *Rules, supra,* Rules 1.7, 1.8, 1.9 or 2.2.

■ Defendants claim the Rules do not modify the *Oklahoma Code of Professional Conduct* (the "Code") that preceded the Rules and that were superseded by the Rules effective July 1, 1988. 5 O.S.Supp.1988, Ch. 1, App.3 (superseded eff. July 1, 1988). Defendants cite case authority interpreting and applying the Code with regard to the disqualification of an entire law office. Defendants citations to such authority, and arguments that it still applies, are not very compelling.

The Code contained provisions that imputed the disqualification of a lawyer, from conducting a trial or representing a client, if another member of the lawyer's firm ought to be called as a witness. *Code, supra,* DR 5–101 and DR 5–102. The Rules do not contain the same Code provisions that impute disqualification, and in fact, as noted above, the Rules allow continued representation. *Rules, supra,* Rule 3.7(b). Because, as the Oklahoma Supreme Court noted, the Rules have superseded the Code, the Rules should be applied as the law. *Crussel v. Kirk,* 894 P.2d 1116, 1118 n. 1, 1120 (Okla. 1995). If the Rules were not meant to modify the Code, then they could have been written using the same Code language imputing disqualification, and would not have included the language allowing a firm to continue representation.

■ Rule 3.7 of the Rules has not been found in violation of the due process clauses of the Oklahoma or United States Constitutions, and we are not persuaded to so find in this proceeding, for allowing firms to act as an advocate at trial when lawyers of the same firm are likely to be a necessary witness. Defendants argue their constitutional rights to a fair and impartial trial *will* be violated by allowing the office of the Oklahoma County District Attorney to prosecute the retrials, and use as witnesses the two members of that office who prosecuted the first trial. Although retrial in Case No. CF–89–4717 must be carefully monitored to ensure proceedings are not unfair, disqualification of the entire office of the Oklahoma County District Attorney cannot be based upon speculation.

■ Defendants argue the decision to disqualify a lawyer or a law firm is discretionary and should be reviewed only for abuse of discretion, therefore, this Court should not assume jurisdiction in extraordinary writ proceedings. Although the decision on disqualification is discretionary, the ability to make such a decision must be authorized by law. The Oklahoma County District Attorney is required by law to prosecute crime within his or her district. 19 O.S.1991, § 215.4. Allowing the office of the District Attorney to prosecute criminal trials in which other lawyers in the office are likely to be called as witnesses, is not unauthorized and is expressly allowed by law. *Rules, supra,* Rule 3.7(b). Petitioner has no other adequate remedy to allow the office of the Oklahoma County District Attorney to prosecute the retrial of Case No. CF–89–4717. *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App., Rule 10.6(A). Therefore, the petition for writ of prohibition, to prohibit Judge Owens from enforcing his oral order of October 3, 1996, disqualifying the entire Oklahoma County District Attorney's Office from prosecuting the re-trials in

Case No. CF–89–4717, should be, and is hereby, **GRANTED.**

The stay of proceedings in Case No. CF–89–4717 should be, and is hereby, **DISSOLVED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A JOHNSON, Judge