1998 OK CR 53

**Michael Wayne HOWELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–96–541.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1998.

Rehearing Denied Dec. 7, 1998.

---

Anne M. Moore, William H. Luker, Appellate Defense Counsel, Norman, for Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer B. Miller, Assistant Attorney General, Oklahoma City, for Appellee.

## OPINION

JOHNSON, Judge.

¶1 Appellant, Michael Wayne Howell, was tried by jury and convicted of Murder in the First Degree (With Malice Aforethought), 21 O.S.1981, § 701.7, Case No. CRF–87–6784, in the District Court of Oklahoma County before the Honorable Richard W. Freeman. The jury, finding three (3) aggravating circumstances[1], recommended punishment of death. The trial court sentenced accordingly. Appellant appealed his Judgment and Sentence and this Court affirmed his conviction for murder, but vacated the sentence of death and remanded the case for resentencing because of impermissive, unauthorized and improper contacts by the deputies with one or more jurors. *Howell v. State*, 1994 OK CR 62, 882 P.2d 1086. Pursuant to 21 O.S.Supp.1993, § 701.10a, a jury was impaneled and a new sentencing proceeding was conducted before the Honorable Richard W. Freeman, District Judge. The jury returned a sentence of death finding the same three aggravators as the original sentencing jury. The trial court sentenced Appellant to death and it is from this Judgment and Sentence that Appellant appeals. We affirm.

¶2 The facts of this case are set out in detail in *Howell*, 1994 OK CR 62 at ¶¶2–3, 882 P.2d at 1089. However, facts will be revealed as they become relevant.

1. (1) Appellant was previously convicted of a felony involving the use or threat of violence to the person; (2) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and (3) the existence of probability that Appellant would commit acts of violence that would constitute a continuing threat to society.

## PRETRIAL ISSUES

■ ¶ 3 In his second proposition of error, Appellant contends the trial court improperly denied his two pretrial motions. His first pretrial motion requested the trial court to dismiss the Bill of Particulars based on the outrageous conduct as found by this Court in *Howell*, 1994 OK CR 62 at ¶¶ 38–40, 882 P.2d at 1094–95 and based on the grounds of former jeopardy. His second pretrial motion asked for a new trial. At the hearing on this motion, Appellant presented the Affidavit of first trial juror Diana Gordon Smith, formerly Diana Smith Brietling. Appellant asserted the Affidavit tracked the facts in this Court's Opinion, with one addition: the improper communications between her and the deputies began at lunch after first-stage argument, but before first-stage deliberations. Based on this, Appellant claims the first-stage deliberations were also tainted, the resentencing remedy ordered by this Court was inadequate, and he should have been granted a new trial. Appellant also claims that because of the egregious conduct by the deputies, the Bill of Particulars should have been dismissed with prejudice, thereby prohibiting the State from profiting from its conduct by seeking the death penalty on resentencing. Appellant relies on *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (holding the Double Jeopardy Clause prohibits the State from retrying a defendant when prosecutorial impropriety or overreaching designed to avoid an acquittal results in a mistrial) and *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) (acknowledging the State cannot profit from deliberate misconduct, motivated by bad faith and designed to prejudice the defendant).

¶ 4 The trial court in the instant case overruled the motion for new trial, reasoning that this Court reviewed the case on appeal and had not seen fit for it to come back for a brand new trial. In overruling the motion to dismiss the Bill of Particulars, the trial judge again deferred to this Court, stating he believed this Court has granted whatever relief should have been granted. We have considered Appellant's contentions and arguments and find the issue of the conduct of the deputies was presented to this Court along with the Affidavit in question. This Court determined resentencing was the appropriate remedy. As this issue has been previously addressed and decided by this Court, the issue is res judicata. Cf. *Humphreys v. State*, 1997 OK CR 59, ¶ 31, 947 P.2d 565, 572. The trial court did not improperly deny Appellant's pretrial motions. We deny this proposition of error.

## ISSUES RELATING TO JURY SELECTION

■ ¶ 5 In his fourth proposition of error, Appellant argues the trial court's refusal to allow him to question prospective jurors about his or her understanding of the life-without-parole sentencing option resulted in a death sentence that did not provide the reliability demanded by the Eighth and Fourteenth Amendments. Appellant relies on *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) in support of his claim that he was entitled to find out whether his prospective jurors had an accurate understanding of his parole eligibility when a state seeks a death sentence on the basis of a defendant's future dangerousness. *Id*. 114 S.Ct. at 2193. Appellant reasons that such questioning is essential to identifying panel members who should be excused for cause rather than be removed with the exercise of a peremptory challenge.

■ ¶ 6 The extent of *voir dire* is within the discretion of the trial court and will not be disturbed absent abuse of discretion. *Mitchell v. State*, 1994 OK CR 70, ¶ 16, 884 P.2d 1186, 1195. Where the jury is presented with the sentencing options of death, life imprisonment and life imprisonment without parole, the meaning of life without parole is self-explanatory. *McCracken v. State*, 1994 OK CR 68, ¶ 49, 887 P.2d 323, 334. As such, we see no need to question prospective jurors about their understanding of the life-without parole option. The trial court did not abuse its discretion. This proposition of error is denied.

## ISSUES RELATING TO PUNISHMENT

■ ¶ 7 In his first proposition of error, Appellant contends the trial court committed

fundamental error in allowing his sentencing trial to be conducted in his absence when there was no showing that he made an informed and voluntary decision to waive his right to be present. This Court recently addressed this issue in *Darks v. State*, 1998 OK CR 15, 954 P.2d 152, where we held that "although such a waiver may be inferred from the record, the preferred practice would be for the trial court, **on the record**, to advise the defendant of his rights and, if the defendant desires, obtain an intelligent and knowing waiver." *Id.* at ¶ 38, 163. A review of the record reveals that prior to *voir dire*, one of Appellant's counsel started discussing whether or not Appellant would consider a life-without-parole plea offer, when Appellant started making loud outbursts about not wanting the jury to consider the life-without-parole option and not wanting to attend the sentencing proceedings. In chambers, the trial judge inquired further about Appellant not wanting to be present at his sentencing trial. Appellant was adamant about not wanting to be present, stating, among other things, that not only could he medically not sit through the trial[2], but also that he did not want the jury to see the condition he was in, and that there was nothing the jury "can say to me or do to me or nothing else. To me, it's bull shit. It's a waste of taxpayers' money, Your Honor." Appellant's counsel stated that he discussed with Appellant the ramifications of his absence from the proceedings. This Court, in *Brown v. State*, 1994 OK CR 12, ¶ 50, 871 P.2d 56, 71, agreed with the United States Court of Appeals for the First Circuit[3] that the trial court need not recite an extensive litany of the consequences of an accused's actions before an accused can be allowed to waive his right to be present during trial. Here, the trial court sufficiently advised Appellant he had a right to be present during the trial and several times, specifically asked whether Appellant wanted to stay in the courtroom or choose to be absent. Thus, we hold that an adequate waiver took place. This proposition of error is rejected.

¶ 8 In his third proposition of error, Appellant contends the trial court's refusal to give a requested instruction on his eligibility for parole if sentenced to life without the possibility of parole violated his Eighth and Fourteenth Amendment rights. This Court has consistently rejected this argument and has held that such an instruction is neither required nor warranted under Oklahoma's sentencing options. *Mollett v. State*, 1997 OK CR 28, ¶ 41, 939 P.2d 1, 11; *Johnson v. State*, 1996 OK CR 36, ¶ 47, 928 P.2d 309, 320; *Hain v. State*, 1996 OK CR 26, ¶ 57, 919 P.2d 1130, 1145, *cert. denied*, —— U.S. ——, 117 S.Ct. 588, 136 L.Ed.2d 517; *McCracken v. State*, 1994 OK CR 68, ¶ 49, 887 P.2d 323, 334. This proposition is denied.

¶ 9 Fifth, Appellant claims his Fourteenth Amendment rights were violated when the State sponsored testimony about the contents of an alleged correspondence written by him without producing the writings. Appellant relies on 12 O.S.1991, § 3002, et seq., "the best evidence rule." Because Appellant failed to object to the admission of the sponsored testimony, this Court will review for plain error. The evidence complained of is the testimony of Ronald Robinson about written and oral communications between him and Appellant when they were both housed at the Oklahoma City jail. Mr. Robinson testified that Appellant asked him to call some people in Tennessee to come up and shoot his way out of jail. Mr. Robinson further testified that Appellant sent him mail through the jailer where he would give him telephone numbers of the people to call. As expressed in *Anderson v. State*, 1985 OK CR 94, ¶ 10, 704 P.2d 499, 501–02, quoting *People v. Kulwin*, 102 Cal. App.2d 104, 226 P.2d 672, 674 (1951):

[w]e are impressed that the so-called "best evidence" rule has no application to the circumstances here involved. We are not here confronted with a situation wherein the witness was testifying to the contents of a document but are confronted with a situation in which the officer who testified

---

2. Appellant testified that he had a broken rod in his leg which made him unable to sit all day long.

3. *United States v. Taylor*, 478 F.2d 689, 692 (1st Cir.1973), affirmed, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).

at the time of trial actually overheard the conversations to which he testified. Where one testifies to what he has seen or heard such testimony is primary evidence, regardless of whether such fact or facts are reduced to writing or incorporated in a record or document. In other words, the witness is not testifying as to what the writing contains, but as to what he observed and knew because he heard it. While the recordings might be more reliable and satisfactory evidence under ordinary circumstances than testimony from memory, the latter is not rendered incompetent by the fact of the existence of the former.

*Id.* at 501–502. Mr. Robinson's testimony was properly received. This proposition of error is without merit.

¶ 10 In his sixth claim of error, Appellant sets forth three instances where he claims his counsel's performance was so deficient that he was denied the effective assistance of counsel. In the first instance, he contends defense counsel failed to object to Ronald Robinson's testimony about the contents of the notes allegedly written by him and failed to require the State to produce said notes as the best evidence. Having determined that Mr. Robinson's testimony was properly received, we find this claim moot.

¶ 11 In the second instance, he contends defense counsel failed to lay the foundation necessary for the introduction of poems written by him, thereby denying the admission of the poems into evidence. Both poems were written in memory of his mother who died before his resentencing trial. One of the poems was read at his mother's funeral. Appellant asserts defense counsel's lack of preparation and competent effort to obtain admission deprived him of an opportunity to provide the jury with a glimpse at another side of his mental state. In the third instance, Appellant contends counsel elicited testimony from a corrections officer that he had been incarcerated on Death Row, thereby informing the jury that another jury had sentenced him to death.

¶ 12 To prevail on a claim of ineffective assistance of counsel, Appellant must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance by showing: [1] that trial counsel's performance was deficient; and [2] that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See also Spears*, 1995 OK CR 36, ¶ 54, 900 P.2d 431, 445, *cert. denied*, 516 U.S. 1031, 116 S.Ct. 678, 133 L.Ed.2d 527 (1995). To establish prejudice, Appellant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. This Court need not determine whether trial counsel's performance was deficient if Appellant cannot show he was prejudiced by trial counsel's failure to introduce the poems [to show another side of his mental state] and by trial counsel's elicitation from a corrections officer that Appellant was on death row.

¶ 13 We have reviewed the evidence from the sentencing hearing very carefully and find that Appellant cannot show that he was prejudiced by counsel's performance. We find that the poems written by Appellant would not have affected the sentence rendered. We so find because the State's case in aggravation was very strong and because counsel presented substantial evidence in mitigation to show another aspect of Appellant's mental state. We find that it was counsel's strategy to show that Appellant had been a model prisoner while on death row, thereby rebutting the continuing threat aggravating circumstance. Evidence was presented that Appellant had not been in solitary confinement twenty-four hours a day, but had been outside of his cell with other prisoners. This Court will not second guess trial strategy. *Bryan v. State*, 1997 OK CR 15, ¶ 53, 935 P.2d 338, 363. Accordingly, this proposition is denied.

¶ 14 In his seventh proposition of error, Appellant claims his due process and Eighth Amendment rights were violated because the evidence was insufficient to prove the murder was committed for the purpose of avoiding prosecution. Appellant claims the State failed to prove any connection between

the theft of the victim's automobile and her death. We do not agree. The evidence revealed that on November 2, 1987, the victim, Sergeant Charlene Calhoun was going to visit a friend at an apartment complex in Del City, Oklahoma, and had driven her vehicle into the parking lot. Later that evening, Deputy Chief Phil Taylor was called to investigate the disappearance of Sgt. Calhoun. He observed blood in the parking lot, however no body was found. Fire fighters were on the scene to respond to a report of a burning truck which was later determined to have been stolen in Memphis, Tennessee, and in the possession of Appellant. On November 17, 1987, Sgt. Calhoun's body was discovered less than a mile from I–40 and approximately four to five miles east of the I–40 exit near the apartment complex. Sgt. Calhoun had been shot in the face under the eye. Appellant was later apprehended in Florida in possession of Sgt. Calhoun's vehicle and the gun which was determined to be the murder weapon. We find this evidence supports a finding that Appellant shot Sgt. Calhoun. The evidence also shows he sought to avoid arrest or prosecution for the theft of Sgt. Calhoun's vehicle [the predicate crime]. See, e.g., *Hooper v. State*, 1997 OK CR 64, ¶ 42, 947 P.2d 1090, 1106–1107. We deny this proposition.

¶ 15 In Proposition VIII, Appellant contends his sentence of death is improper because the trial court failed to instruct the jury to make findings in accordance with *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) and *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987). Specifically, he complains that the jury was never given an opportunity nor required to make a specific finding of his individual specific intent to kill. Appellant relies on *Conover v. State*, 1997 OK CR 6, ¶ 40, 933 P.2d 904, 915 to support his position that a person who aids and abets in the commission of a first degree murder need not harbor the specific intent that is necessary for a conviction of a perpetrator. We note that Appellant did not request such an instruction. Thus, he has waived all but plain error. There is no plain error as such an instruction is not required.

In a malice murder case, the State must prove the aider and abettor intended the death of the victim or aided and abetted with full knowledge of the intent of the perpetrator. *Johnson*, 1996 OK CR 36 at ¶ 23, 928 P.2d at 315. Here, Appellant had the requisite intent. We deny this proposition.

¶ 16 Ninth, Appellant claims Jury Instruction No. 2 had the highly improper effect of going behind his conviction and, in essence, incorporating first-stage evidence without requiring the State to meet any burden of proof. Appellant did not object to the instruction, and thus, waived all but plain error. When this Court remands a case for resentencing pursuant to 21 O.S.Supp.1993, § 701.10a, the jury must accept the conviction. Here, Appellant had been convicted of malice aforethought murder and, therefore, the intent to commit murder was an established fact. *Romano v. State*, 1995 OK CR 74, ¶ 89, 909 P.2d 92, 122. We find no plain error and deny this claim.

¶ 17 In Proposition X, Appellant asserts the jury's findings of the "prior violent felony conviction" and "continuing threat" aggravating circumstances violated the Eighth and Fourteenth Amendments because the aggravators were duplicative and cumulative. This issue has been addressed and rejected by this Court. *Woodruff v. State*, 1993 OK CR 7, ¶ 110, 846 P.2d 1124, 1146. This proposition is denied.

¶ 18 In his eleventh proposition of error, Appellant complains the admission of evidence concerning the decomposition of the victim's body was improperly admitted. First, we point out that we found the admission of this evidence to be proper in the first-stage. *Howell*, 1994 OK CR 62 at ¶ 24, 882 P.2d at 1092. First-stage evidence may be received in the second stage. *See McCracken*, 1994 OK CR 68 at ¶ 28, 887 P.2d at 331. However, the evidence must be probative of second-stage issues. In this case, the prosecutor offered no grounds for the admission of the photographs. We do not find the photographs relevant to any of the three aggravating circumstances. Even relevant evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice. 12 O.S.1991, § 2403. While we find the trial court's admission of these photographs was error, we find the error to be harmless in light of the overwhelming evidence supporting the aggravating circumstances. This proposition is denied.

¶ 19 Twelfth, Appellant complains that certain comments by the prosecutor and the jury instructions precluded the jury from considering his mitigating evidence. Appellant bases his complaint on the prosecutor's negative comments on each of his mitigating evidence and on the jury being instructed that they were to determine **whether** the circumstances existed and **whether** they were mitigating, and that the mitigating circumstances **may be** considered by them. First, the challenge to the propriety of these jury instructions has been addressed by this Court and rejected. *Mollett v. State*, 1997 OK CR 28, ¶¶ 47–48, 939 P.2d at 14–15; *Knighton v. State*, 1996 OK CR 2, ¶ 72, 912 P.2d 878, 896. Secondly, we rejected a similar claim regarding a prosecutor "turning mitigation evidence into aggravation" in *Hamilton v. State*, 1997 OK CR 2, ¶ 42, 937 P.2d 1001, 1010–11. Accordingly, we reject Appellant's proposition.

¶ 20 Appellant claims in his thirteenth proposition of error that his death sentence cannot stand because the evidence in mitigation outweighed the evidence in aggravation. This issue will be addressed on our mandatory sentence review.

¶ 21 Appellant raised two issues in his fourteenth proposition of error: (1) The jury instructions, taken together, implied that jury findings regarding mitigating circumstances must be unanimous, and the jury should have been instructed that its findings do not have to be unanimous; and (2) The trial court committed error when it failed to instruct the jurors that they could consider a sentence of life or life without parole even though they had found the existence of an aggravating circumstance. Appellant acknowledges that both issues have been previously rejected by this Court. *Mollett*, 1997 OK CR 28 at ¶¶ 61–62, 939 P.2d at 15 and cases cited therein. Appellant has given us no reason to reconsider our position on these matters. This proposition is denied.

¶ 22 Appellant has likewise in his fifteenth proposition of error presented two issues previously considered and rejected by this Court: (1) The "continuing threat to society" aggravating circumstance is unconstitutionally vague; and (2) The "murder to avoid arrest" aggravating circumstance is unconstitutionally vague. *Hamilton*, 1997 OK CR 2 at ¶¶ 47–49, 937 P.2d at 1012–1013. Again, this Court has been given no reason to reconsider our position. This proposition must fail.

¶ 23 In proposition sixteen, Appellant asks this Court to find that the cumulative error in this case requires reversal. Inasmuch as we found the only error to be harmless beyond a reasonable doubt, we find no cumulative error requiring reversal. Additionally, we find Appellant's resentencing trial was fair and impartial and that none of Appellant's substantial rights were prejudiced. *Stout v. State*, 1984 OK CR 50, 693 P.2d 617, 628. This proposition is denied.

## V. MANDATORY SENTENCE REVIEW

¶ 24 Pursuant to 21 O.S.1991, § 701.13(C), we must determine (1) whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor, and (2) whether the evidence supports the jury's finding of aggravating circumstances as enumerated in 21 O.S. 1991, § 701.12. We shall first determine whether the evidence was sufficient to support the imposition of the death penalty.

¶ 25 The jury found the following aggravators:

1. The defendant was previously convicted of a felony involving the use or threat of violence to the person;

2. The murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and

3. The existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

In reviewing the evidence presented by the State, we find that Appellant stipulated that his conviction for Armed Robbery in Wyoming involved the use of threat, force or violence. In addition, the Judgment and Sentence for each of his convictions for (1) Attempted First Degree Murder (two counts), (2) Shooting at or into an Occupied Vehicle, (3) Resisting an Officer with Violence (two counts), (4) Possession of a Firearm by Convicted Felon and Use of a Firearm during the Commission of a Felony, (5) Armed Robbery, (6) Armed Robbery with a Deadly Weapon, (7) Grand Larceny and (8) Murder in the First Degree during perpetration of a Robbery was properly admitted, supporting the finding that Appellant was previously convicted of a felony involving the use or threat of violence to the person. We find that the murder was committed for the purpose of avoiding lawful arrest or prosecution as addressed in Proposition VII. We further find that the callous nature of the crime, Appellant's blatant disregard for the importance of human life, and his demonstrated pattern of criminal conduct render him a continuing threat to society. The evidence substantially supports the finding of the three aggravators.

¶ 26  As mitigation, Appellant offered:

1. That his mother was assaulted during her pregnancy with him;
2. That an assault which occurred in his mother's eighth month of pregnancy with him resulted in a dry birth and required the use of forceps to facilitate his birth;
3. That as an infant, he banged his head uncontrollably;
4. That his childhood was poor and violent;
5. That he has a learning disability;
6. That he has suffered three blows to the head;
7. That he has suffered from severe headaches;
8. That he has used drugs since age 13;
9. That he has suffered a predisposition to drug and alcohol abuse;
10. That he suffers from a brain dysfunction; and
11. That he never received any intervention to recognize and treat his deficiencies.

¶ 27  Upon carefully considering and reviewing the evidence which supports the aggravating circumstances, as well as the evidence which may be considered mitigating, this Court finds the sentence of death was factually substantiated and appropriate. Furthermore, we find that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor. Finding no error warranting reversal or modification, the Judgment and Sentence is **AFFIRMED**.

CHAPEL, P.J., STRUBHAR, V.P.J., LUMPKIN and LANE, JJ., concur in result.

STRUBHAR, Vice Presiding Judge, concurs in results.

¶ 1  I concur in results only for reason of stare decisis. I continue to believe that a trial court should provide a meaningful answer to questions from the jury when they ask about the meaning of life without parole.