KURTANIC v. STATE
2023 OK CR 13
Case Number: F-2021-431
Decided: 07/27/2023
MICHAEL PHILLIP KURTANIC, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 13, __ __

 

 

SUMMARY OPINION

MUSSEMAN, JUDGE:

¶1 Appellant, Michael Phillip Kurtanic, appeals his Judgment and Sentence from the District Court of Payne County, Case No. CF-2019-424, Count 1 - Child Sexual Abuse in violation of 21 O.S.Supp.2014, § 843.521 O.S. Supp.2014, § 843.521 O.S. Supp.2014, § 843.521 O.S. Supp.2014, § 843.5

¶2 The Honorable Stephen Kistler, Associate District Judge, presided over Appellant's jury trial. The jury found Appellant guilty of Counts 1, 2, 3 and 4 and assessed punishment of life imprisonment and a $5,000.00 fine as to Counts 1, 2 and 3, and five years and a $1,000.00 fine as to Count 4. Judge Kistler ordered that all the sentences would run concurrently and Appellant would receive credit for time served. Appellant appeals his judgment and sentence and raises the following issues:

I. whether the jury verdict is unconstitutionally unreliable and uncertain because the jury instructions allowed a jury to convict appellant of child sexual abuse without a unanimous finding of each element of each of the alleged underlying offenses, as alleged in the Information;

II. whether, in the alternative, the court misinstructed Appellant's jury by imbedding multiple substantive offenses into a single "element" rather than tailoring the elements of child sexual abuse to the particulars of each count;

III. whether plain error occurred when the trial court did not properly instruct the jury on the elements of child sexual abuse charge involving K.S., who was alleged in the Information to be "eleven (11) through twelve (12) years of age" when the alleged acts occurred;

IV. whether the trial court abused its discretion when it allowed hearsay evidence repeating C.J.S.'s unreliable and shifting extrajudicial statements;

V. whether the deliberate destruction of the "best evidence" of the incriminating statements made by C.J.S. to the nurse practitioner requires reversal of Count 3; and

VI. whether the accumulation of error in this case deprived Appellant of the due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

¶3 We affirm the Judgment and Sentence of the district court.

I. and II.

¶4 In Proposition I, Appellant claims that he was deprived of his right to a unanimous jury because the jury instruction given on child sexual abuse enabled the jurors to convict him for committing rape, forcible sodomy, or lewd acts and did not require all twelve jurors to find he committed the same singular underlying crime. In Proposition II, Appellant alternatively claims that the trial court misinstructed the jury by imbedding multiple substantive offenses into a single element rather than tailoring the elements for each count of child sexual abuse. We address these propositions together.

¶5 As Appellant did not object or request another instruction at the trial, we will review for plain error. Chadwell v. State, 2019 OK CR 14446 P.3d 1244Hogan v. State, 2006 OK CR 19139 P.3d 907Id.

¶6 The general rule is that where the trial court's instructions submitted to the jury, considered as a whole, fairly and correctly state the applicable law such instructions are sufficient. Turman v. State, 1974 OK CR 88522 P.2d 247 Tryon v. State, 2018 OK CR 20423 P.3d 617

¶7 The right to a unanimous jury verdict is constitutional. Article II, Section 19 of the Oklahoma Constitution provides that "[i]n all criminal cases where imprisonment for more than six (6) months is authorized the entire number of jurors must concur to render a verdict." Similarly, the United States Supreme Court held in Ramos v. Louisiana, 590 U.S. __, 140 S.Ct. 1390, 1397 (2020), "[t]here can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally."

¶8 We held in Cody v. State, 1961 OK CR 43361 P.2d 307

If no motion is made to require the state to elect, the trial court, of its own motion should require the prosecution to elect upon which of said acts it will rely, or should treat the act of which the state first introduced evidence which tends in any degree to prove the offense as an election, and should be proper instruction limit the jury to a consideration of such particular act as a basis for conviction and limit the consideration of other acts as corroboration and as showing the relation of the parties.

Id. 1961 OK CR 43Gilson v. State, 2000 OK CR 148 P.3d 883Jones v. State, 1989 OK CR 66781 P.2d 326Huddleston v. State, 1985 OK CR 12695 P.2d 8Cody's election rule occurs, "when a child of tender years is under the exclusive domination of one parent for a definite and certain period of time and submits to sexual acts at that parent's demand, the separate acts of abuse become one transaction"). As the Court noted in Gilson, "the general rule requiring the State to elect which offense it will prosecute is not in force when separate acts are treated as one transaction and that separate acts of abuse are one transaction for purposes of election of offenses." Gilson, 2000 OK CR 14

¶9 Appellant argues that this exception to the election rule does not apply in his case because it does not involve the same conduct, but rather underlying crimes with different actus reus elements. Our history as provided above makes it clear that we disagree. The record shows that each child, being of tender years, was under the domination of Appellant when Appellant committed acts of child sexual abuse. The State chose to charge Appellant with only one count of abuse for each child. Appellant's jury was instructed, without objection, pursuant to the uniform jury instruction based upon the language of the child sexual abuse statute. The jury weighed all the evidence and came to a unanimous verdict that he was guilty beyond a reasonable doubt. There was no error. Propositions I and II are denied.

III.

¶10 Appellant claims in Proposition III that the jury was not properly instructed on Count 2 as the Information alleged that K.S. was aged eleven to twelve years old when the offense occurred, but the charged offense required the victim to be under the age of twelve. As no objection was made at trial, we review this claim for plain error as set forth above in Proposition I.

¶11 Appellant's argument focuses on our previous decision in Chadwell v. State, where we held that "the age of the victims at the time of the crimes is an element of the crime of lewd acts with a child under 16 for purposes of sentencing and a criminal defendant has a constitutional right to have the jury instructed on this element and the charged offense proved beyond a reasonable doubt." Chadwell, 2019 OK CR 14

IV.

¶12 In Proposition IV, Appellant claims that extrajudicial statements made by C.J.S. to her mother, the forensic interviewer, and a sexual assault nurse were inadmissible as the statements were unreliable hearsay and the court erred in determining that the child was available. As no objection was made at trial, review of Appellant's claim related to testimony of the child's mother is limited to plain error as set forth above in Proposition I. See also Gordon v. State, 2019 OK CR 24451 P.3d 573Id., 2019 OK CR 24Neloms v. State, 2012 OK CR 7274 P.3d 161

¶13 A statement made by a child who has not attained thirteen years of age which describes any act of sexual contact performed with or on the child is admissible at trial if the trial court, in a hearing outside the presence of the jury, finds that at the time of the statement, the totality of the circumstances provide sufficient indicia of reliability so as to render the statement inherently trustworthy, and the child testifies in open court. 12 O.S.Supp.2013, § 2803.112 O.S.Supp.2013, § 2803.112 O.S.Supp.2013, § 2803.1

¶14 The trial court held a pretrial hearing and discussed the matter outside the presence of the jury during trial. Judge Kistler found that the statement made by C.J.S. to her mother was spontaneous and not due to her mother pressing for information. The trial court found that the statements made during the forensic interview were admissible because the child was interviewed under an appropriate protocol, by a qualified interviewer, the child's responses that she did not know or could not remember went more to credibility than to admissibility of the statement, and the child was competent to make the statements. See Gilson, 2000 OK CR 14

¶15 Appellant next argues that the inconsistencies between the out-of-court statements made by C.J.S. and her in-court testimony made her unavailable and therefore violated the Confrontation Clause. This argument is a red herring as the statements would be admissible even if she were unavailable because the defense was able to cross-examine her when she testified at the preliminary hearing. Crawford v. Washington, 541 U.S. 36, 68 (2004).

¶16 Judge Kistler thoroughly examined the reliability of each statement made by C.J.S. and his decisions that the statements were inherently reliable are supported by the record. The trial court did not abuse its discretion, nor commit error, in admitting the statements. Proposition IV is denied.

V.

¶17 Appellant claims in Proposition V his rights to due process and a fair trial were violated because the jury did not get to see the best evidence of statements made by C.J.S. when the nurse destroyed the audio recording of her examination. Appellant further claims that the trial court abused its discretion in denying his request for a jury instruction regarding spoliation of the evidence and weight to be given to the nurse's testimony because the audio recording was the best evidence of the child's statements. We will review for an abuse of discretion as set forth above in Proposition IV, as Appellant objected to the testimony at trial and requested a jury instruction regarding destruction of the recording. See also Norman v. State, 2023 OK CR 4528 P.3d 1142Reed v. State, 2016 OK CR 10373 P.3d 118

¶18 "The Due Process Clause of the Fourteenth Amendment obligates the State to preserve evidence that might be expected to play a significant role in a suspect's defense." Norman, 2023 OK CR 4Harris v. State, 2019 OK CR 22450 P.3d 933California v. Trombetta, 467 U.S. 479 (1984)). A defendant must show the State acted in bad faith where it destroys materials that may possibly be exculpatory, or may potentially be of some evidentiary value. See Id., Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988). "If the State failed to preserve evidence that can only be called potentially useful to the defense, then no relief is warranted unless the defendant can show bad faith on the State's part." Norman, 2023 OK CR 4Harris v. State, 2019 OK CR 22450 P.3d 933Cuesta-Rodriguez v. State, 2010 OK CR 23241 P.3d 214

¶19 Moreover, we have previously held that the State is not required to videotape interviews of child victims, and the failure to do so does not automatically rise to a failure to preserve potentially useful evidence. See Gilson, 2000 OK CR 14Anderson v. State, 1985 OK CR 94704 P.2d 499

¶20 The record shows that the sexual assault nurse is a medical provider working for a nongovernmental organization, not the State, and that the primary purpose of her exam was to provide medical care to C.J.S., even if a secondary purpose of the exam could have been to collect evidence. See Thompson v. State, 2019 OK CR 3438 P.3d 373

VI.

¶21 In Proposition VI, Appellant claims that cumulative error deprived him of a fair trial. "The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal." Tafolla v. State, 2019 OK CR 15446 P.3d 1248Fuston v. State, 2020 OK CR 4470 P.3d 306

DECISION

¶22 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY,
THE HONORABLE STEPHEN KISTLER, 
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 ROYCE HOBBS
 801 SOUTH MAIN, #9
 STILLWATER, OK 74076
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 CINDY DANNER
 APPELLATE DEFENSE
 COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 DEBRA VINCENT
 ERICA GARUCCIO
 ASSIST. DISTRICT ATTORNEYS
 606 SOUTH HUSBAND STREET
 STILLWATER, OK 74074
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 OF OKLAHOMA
 TANNER A. HERRMANN
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur

FOOTNOTES

21 O.S.Supp.2015, § 13.1

Norman, the Court references spoilation as it is spelled in Norman's brief. However, the legal doctrine is properly spelled spoliation. Our purpose in publishing this opinion is to enable legal practitioners to locate precedent that may otherwise evade their best effort.