**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ALAN YINGLING,

      Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,

      Respondent - Appellee.

No. 06-6179
(D.C. No. CIV-04-1275-R)
(W.D. Oklahoma)

**ORDER**

Before **HARTZ**, **EBEL** and **TYMKOVICH,** Circuit Judges.

Richard Alan Yingling, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We deny his request for a COA and dismiss this appeal.[1]

---

[1]In addition, Mr. Yingling requests an evidentiary hearing and appointment of counsel to represent him in the hearing. This Court had the benefit of reviewing the trial transcript, the briefs and decision on the direct appeal, and the briefs, report and order relating to his federal habeas petition. Because this Court had access to all the evidence that Mr. Yingling places at issue, and because this Court denies his request for a COA, we also deny his request for an evidentiary hearing. Mr. Yingling also moves to proceed on appeal *in forma pauperis,* without prepayment of costs or fees. We grant the motion under Fed. R. App. P. 24 and 28 U.S.C. § 1915.

In October 2002, Mr. Yingling was convicted of first degree rape under Oklahoma law, and sentenced to 25 years in prison. Mr. Yingling directly appealed to the Oklahoma Court of Criminal Appeals, which affirmed the conviction. Yingling v. State, No. F-2002-1380 (Okla. Crim. App., filed April 5, 2004). Mr. Yingling then petitioned the U.S. District Court for the Western District of Oklahoma for habeas relief under 28 U.S.C. § 2254, on four grounds: (1) that the evidence sustaining his conviction was insufficient to prove guilt beyond a reasonable doubt; (2) that the outcome of his trial was prejudiced by ineffective assistance of counsel; (3) that the trial court erred in failing to give instructions on the lesser included offenses of attempted rape and sexual battery; and (4) cumulative error from the aforementioned three bases.

The U.S. District Court denied habeas relief. Yingling v. Workman, No. CIV-04-1275-R (W.D. Okla. May 12, 2006). In doing so, the Court adopted the reasoning of the Magistrate Judge's Report and Recommendation, which applied both the standards set forth by 28 U.S.C. § 2254(d) (establishing that a writ of habeas corpus pursuant to state court judgments can be granted only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts), and the deference owing to state court decisions even when that court's reasoning was not fully explained (citing Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999)). Similarly, this Court gives

deferential treatment to state court decisions in considering a habeas petitioner's request for COA. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

The District Court, based on a very well-reasoned and thorough report from the magistrate judge, found that each of the arguments behind Mr. Yingling's habeas claim and his petition for COA had no merit. Report and Recommendation, Yingling v. Workman, No. CIV-04-1275-R (W.D. Okla. March 27, 2006). Mr. Yingling's insufficiency of the evidence claim points to inconsistencies in the victim's testimony, and argues that the evidence is inadequate to prove beyond a reasonable doubt that physical penetration – a required element for the crime of first degree rape – occurred. State law provides that a victim's testimony usually need not be corroborated to sustain a rape conviction. See Gilmore v. State, 855 P.2d 143, 145 (Okla. Crim. App. 1993) ("Corroboration is necessary for admission of a rape victim's testimony only where the testimony is so unsubstantial and incredible as to be unworthy of belief."). The Oklahoma Court of Criminal Appeals found that the victim's testimony here did not require corroboration. In addition, the victim's testimony was consistent with the hospital staff's observation of physical injury, both of which concluded that penetration occurred. The U.S. District Court found that the case readily met the standard that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Mr. Yingling also asserted that his trial counsel represented him ineffectively in several ways. Mr. Yingling states that counsel failed to request in writing (in contrast to the mere oral request made by counsel) a jury instruction for the lesser included offenses of attempted rape and sexual battery. (The trial court rejected counsel's oral request.) Mr. Yingling asserts that counsel failed to move for a directed verdict or dismissal based on an argument of insufficient evidence, although the Oklahoma Court of Criminal Appeals found that the state presented sufficient evidence to support Mr. Yingling's conviction. Mr. Yingling also contends that counsel ineffectively represented him by failing to object to certain expert testimony from the sexual assault nurse examiner who examined the victim when she arrived at the hospital. (The nurse, who had already been qualified as an expert by the trial court, testified about the different physiological effects of consensual and non-consensual sex). The U.S. District Court found that none of those bases met the standards to prevail on an ineffective assistance of counsel claim. To implicate the Sixth Amendment, counsel's representation must fall "below an objective standard of reasonableness," resulting in "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The U.S. District Court found that Mr. Yingling simply cannot demonstrate prejudice to his case's outcome under any of the three arguments he articulated.

As a third basis for habeas relief, Mr. Yingling also claimed that the trial court erred by refusing his counsel's request to instruct the jury on the lesser included offenses of attempted rape and sexual battery. Under state law, a trial court is obligated to give a lesser included instruction only if the evidence supports it. Shrum v. State, 991 P.2d 1032, 1034 (Okla. Crim. App. 1999); Rowland v. State, 817 P.2d 263, 266 (Okla. Crim. App. 1991) ("the trial court should instruct on lesser included offenses, whether requested or not, only if the evidence reasonably tends to support a lesser included offense. This Court has consistently held that it is the duty of the trial court to determine as a matter of law whether the evidence is sufficient to justify the submission of instructions on a lesser included offense, and if there is doubt, the court should submit the matter to the jury."). The Oklahoma Court of Criminal Appeals affirmed the trial court's rejection of the requested instruction, finding that the evidence did not reasonably support instructions on attempted rape or sexual assault, given that Mr. Yingling had admitted to having sex with the victim.

The U.S. District Court also observed that there is no Constitutional right to a lesser included offense instruction in non-capital cases. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). "Claims of erroneous jury instructions can justify setting aside a state conviction on habeas review only if the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or is otherwise constitutionally objectionable as, for

example, by transgressing the constitutionally rooted presumption of innocence." Id. at 938-939 (internal citations and punctuation omitted). Even if Mr. Yingling could prove that the evidence did support the requested instruction such that he was wrongfully denied the instruction, he has not demonstrated that failure to give the instruction was "so fundamentally unfair" as to sustain a habeas claim on this ground.

Finally, Mr. Yingling argues that he is entitled to habeas relief based on the accumulation of the above alleged errors. See United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990) ("the cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error."). However, "[c]umulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998). The U.S. District Court found – and this Court agrees – that there were no errors in the above bases for Mr. Yingling's habeas claim, and therefore, the cumulative error doctrine is inapplicable.

We have carefully reviewed the record, Mr. Yingling's brief, the district court's order, and the applicable law. We conclude, for the same reasons set forth by the district court in its order denying a certificate of appealability to Mr. Yingling, that he has not made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). Specifically, Mr. Yingling has

failed to demonstrate either that "jurists of reason could disagree with the district court's resolution of his constitutional claims" or that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Accordingly, we DENY Mr. Yingling's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge