## AL FRANKLIN v. STATE.

No. A-3215—Opinion Filed April 3, 1920.

(188 Pac. 686.)

(Syllabus.)

1.  **APPEAL AND ERROR—Time for Objections—Information.** An objection to the sufficiency of an information cannot be raised for the first time upon appeal, unless the information fails to charge a public offense.

2.  **INDICTMENT AND INFORMATION—Sufficiency—Waiver of Objections.** Where the defendant fails to challenge the sufficiency of an information in the manner provided by law, he in effect waives any and all defects, except such as are fundamental.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

Al Franklin was convicted of maintaining a public nuisance, and he appeals.   Affirmed.

*Pruiett, Sniggs, Burns & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Al Franklin, was found guilty of maintaining a public nuisance, and his punishment fixed at confinement in the county jail for 90 days and a fine of $250.   He has appealed from the judgment rendered upon such conviction.

The undisputed facts as shown by the testimony of five witnesses for the state are that on the date alleged they found about 500 quarts of whisky, 40 quarts of gin, 16 barrels of beer, and 100 quarts of wine at a place occupied by the defendant about a mile southwest of Oklahoma City; that while the officers were searching the place the defendant disappeared; that the general reputation of the place was that of being a place where intoxicating liquors were kept and sold.

Upon the record in this case the only question submitted for our consideration is the sufficiency of the information to charge an offense.

Omitting preceding portions, the information charges that:

"On the 15th day of April, 1917, and thence continuously until and including the 25th day of May, 1917, in Oklahoma county, state of Oklahoma, Al Franklin, * * * then and there being, did then and there willfully and unlawfully maintain a public nuisance, in that the said Al Franklin, did then and there willfuly and unlawfully keep

and maintain a place, to' wit, the building and grounds located and situated on the banks of the North Canadian river in said county and state, about three-quarters of a mile southwest of what is commonly known as 'Packingtown,' where spirituous, vinous, fermented, and malt liquors, to wit, beer, whisky, wine, and gin, capable of being used as a beverage, which the said Al Franklin intended to sell, barter, give away, and otherwise furnish in violation of law, whereby the said Al Franklin possessed and kept, to the common nuisance of the public, contrary to", etc.

It is contended that the information does not charge an offense in that it does not "allege that the defendant had possession of intoxicating liquor on the premises designated," and that it only alleges "that the defendant intended to sell intoxicating liquor at the place he was keeping."

The record shows that no objection was taken or question raised to the sufficiency of the information in the court below. No demurrer was interposed, and no general objection was taken that evidence should not be received because the facts stated do not constitute a public offense, and no motion in arrest of judgment was filed. It is apparent that the word "whereby" in the information is a mistake in copying the same, as in the instructions of the court, which were not excepted to, the words "were by" are used instead of the word "whereby."

An information cannot be attacked upon appeal unless some foundation was laid therefor before final judgment was rendered. The defendant may take advantage of a defective information by demurring thereto, whenever it appears from the face thereof that it is subject to one or more of the five objections named in the statute. Code

Crim. Proc. § 5791, Rev. Laws 1910. These objections can be taken only by demurrer, "except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Code Crim. Proc. § 5799, Rev. Laws 1910.

Where the defendant fails to question the sufficiency of an information as authorized by the provisions of the Code of Criminal Procedure, he in effect waives any and all defects, except such as are fundamental.

The information seems to be loosely drawn, but we are of opinion that it is sufficient to charge the offense of keeping a place where intoxicating liquors were kept and possessed in violation of the provisions of the prohibitory liquor law, and, as there is ample evidence to sustain the verdict, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.