**In the Matter of J.J.J., an Alleged Delinquent Child, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. J–89–597.**

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1989.

Thomas D. McCormick, Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty., Dist. No. Seven, Jane Johanningsmeier, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

A jury declared Appellant, a 15 year old boy, to be a delinquent child in case number JF–88–1797 in the District Court of Oklahoma County. In so doing, the jury found that the appellant was guilty of performing indecent or lewd acts with a child under fourteen years of age. Appellant now complains that the trial court committed reversible error by not conducting an *in camera* hearing prior to admitting hearsay testimony consisting of statements made by the victim to others and by allowing an expert witness to state an opinion on matters which were not proper subjects of opinion testimony. We disagree and affirm.

Since this appeal involves only issues of admissibility of evidence, we find a detailed recitation of the facts unnecessary.

▇▇▇ For his first proposition of error, the appellant contends that the trial court erred by admitting the statements of the victim, a six year old child, made to his mother shortly after the alleged sexual activity occurred without holding a hearing outside of the presence of the jury. 12 O.S.Supp.1986, § 2803.1 provides:

A. A statement made by a child twelve (12) years of age or younger, which describes any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:

1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and ...

During the State's examination of the victim's mother, the attorneys went to the bench, and outside of the hearing of the jury, the following transpired:

**MS. JOHANNINGSMEIER:** The next two witnesses are the mother and Detective Bell and I don't know how Mr. McCormick wants to handle the hearsay, because I will go into—I mean, he has notice and he has a police report, but I will go into Michael's statements about the incident.

**MR. MCCORMICK:** Just show my continuing objection to the hearsay statements.

The court did not hold any other hearings outside the presence of the jury. The mother of the victim and a police officer were permitted to testify about statements that the victim made to them, and at the close of each of these witnesses' testimony the court made a ruling wherein it found that the statements of the victim were admissible under § 2803.1. Appellant's attorney did not make any record regarding the court's ruling on the mother's testimony, and only expressed his desire that his continuing objection to hearsay evidence be noted after the court's ruling allowing the officer's testimony.

We find that the court committed error by not holding a hearing out of the presence of the jury to determine the reliability of the hearsay testimony *before* it was presented to the jury. We note that Appellant did not make a specific objection to the admission of this testimony as required by 12 O.S.1981, § 2104. A failure to object properly waives all but fundamental error. *Plunkett v. State,* 719 P.2d 834 (Okl.Cr. 1986.) In the facts presented here, we find that the error was not fundamental. After hearing the evidence, the trial judge found that there was sufficient reliability in the statements that they were admissible. We find no fault with that holding of the court. The only fault was that the ruling was

made after the jury heard the evidence and not before. Had the judge heard the same evidence *in camera,* there is no doubt that he would have made the same ruling.

This is not to say that we approve of the conduct of the trial court. If this procedure were followed on a regular basis it could very well result in a mis-trial or reversible error when statements that do not have the necessary credibility are presented to the jury. It is certainly the best practice for the trial courts to follow the procedure that is set out in § 2803.1.

■ Appellant next complains that an expert witness was allowed to give improper opinion testimony. The doctor who examined the victim testified that it was not unusual to not find any physical evidence of oral sodomy and that the statements given to her by the victim were consistent with those given by over 50 sexually abused children that she had examined. Appellant cites *Gabus v. Harvey,* 678 P.2d 253 (Okl.1984), as controlling. *Gabus* involved an expert testifying as to the ultimate conclusion to be drawn by the jury. That case involved a police officer testifying as to who was at fault in an accident where a car had struck a pedestrian. The Oklahoma Supreme Court held that 12 O.S. 1981, § 2704 does not permit an expert to testify without restriction. The expert witness could not testify about something that was not necessarily limited to the abilities of an expert. Since almost every juror would know how to drive a car and how to cross a street, they did not need an expert to tell them how it would be done.

In the present case, the challenged testimony concerned matters that were not within the common knowledge of the lay person. The ordinary juror would not have the knowledge or expertise of a doctor who had examined numerous children that had been sexually abused. Therefore, we find no merit to the appellant's contention.

Finding no reversible error, we AFFIRM the judgment of the trial court finding the appellant, J.J.J., to be a delinquent child.

JOHNSON, J., concurs.

PARKS, P.J., and LUMPKIN, J., concur in result.

BRETT, J., dissents.

PARKS, Presiding Judge, concurring in result:

While I concur in the affirmance of appellant's conviction on this record, I cannot join the majority's reasoning allowing an expert witness to testify that "statements given to her by the victim were consistent with those given by over 50 sexually abused children that she had examined." *Majority,* at 946. In effect, this is improper bolstering of the credibility of the complaining witness. *See McCarty v. State,* 765 P.2d 1215, 1218 (Okla.Crim.App.1988) (citing *United States v. Binder,* 769 F.2d 595, 602 (9th Cir.1985).