Ronnie GILMORE, Sr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–89–0386.

Court of Criminal Appeals of Oklahoma.

June 9, 1993.

E. Mack Bedwell, Durant, Allen Smith, Asst. Appellate Public Defender, Norman, for appellant.

Teresa McGehee, Asst. Dist. Atty., Durant, Susan B. Loving, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Judge:

Ronnie Gilmore, Sr., appellant, was tried by jury and convicted for the crime of Rape in the First Degree (21 O.S.Supp.1983, § 1114(A)) in Bryan County District Court, Case No. CRF–88–53. The trial court sentenced appellant to seventy-five (75) years in the custody of the Department of Corrections in accord with the jury recommendation.

Appellant raises two propositions of error: (1) that the trial court erred by instructing the jury that rape accomplished by threat of force or violence to a third party is rape in the first degree; and (2) insufficiency of the evidence. We affirm the judgment and sentence.

This case arises from an incident in which the appellant threatened to beat up the boyfriend of his eighteen year old daughter if she refused to have sexual intercourse with him. Following the threat appellant accomplished sexual penetration of his daughter on the back porch of his home.

■ We will first address the issue of first impression: Whether rape accomplished by force or threat of force to a third party is rape in the first or second degree. The controlling statutes are 21 O.S.Supp.1983, § 1111 which defines rape,

and 21 O.S.Supp.1983, § 1114 which defines the degrees of rape. Section 1111 sets forth six circumstances under which sexual intercourse with a person who is not the spouse of the perpetrator is rape. The third circumstance applies to this case:

3. Where force or violence is used or threatened, accompanied by apparent power of execution to the victim or to another person;

21 O.S.Supp.1983, § 1111(3). Section 1114 sets forth four circumstances defined as rape in the first degree. Again, it is the third circumstance which is material to this case:

3. rape accomplished with any person by the means of force, violence, or threats of force or violence accompanied by apparent power of execution;

21 O.S.Supp.1983, § 1114(A)(3). All other cases of rape not expressly set forth in the section are rape in the second degree. 21 O.S.Supp.1983, § 1114(B).

Appellant argues rape accomplished by the threat of force or violence against a person who is not the victim of the rape must be rape in the second degree, for it is not specifically provided for in Section 1114(A)(3). This argument follows the Commission Comment to the Oklahoma Uniform Jury Instructions–Criminal–482:

... the inclusion of "to another person" in the 1981 amendments to section 111(4) and its exclusion in the types of rape which are denominated rape in the first degree in section 1114(A)(3) could logically lead to the conclusion that the Legislature intended a violation of this provision to be rape in the second degree. The Court of Criminal Appeals will have to decide this issue in an appropriate case.

The State asserts, and we agree, this is the appropriate case in which to decide the issue.

Under Section 1111 there can be no doubt that sexual intercourse with a person who is not one's spouse and which is accomplished by threats of force or violence to another person is rape when accompanied by the apparent power of execution. Under Section 1114 there can be no doubt that rape accomplished by means of threats of force or violence accompanied by the apparent power of execution is rape in the first degree.

We find no evidence to suggest the Legislature intended to exclude rape accomplished by threat of force or violence to another from its definition of rape in the first degree. Indeed, the Legislature plainly focused on the act of the perpetrator who threatens force or violence when defining rape in the first degree. Where the Legislature has made no distinction based on the intended victim of the threat, neither should we. Rape accomplished by threat of force or violence to a person other than the rape victim which is accompanied by the apparent power of execution is rape in the first degree. The trial court correctly instructed the jury.

Appellant also argues his daughter's testimony was inadmissible absent corroboration, and thus insufficient evidence was introduced at trial to support the conviction. R.A.G. testified that sometime between her birthday on December 3, and Christmas in 1987 she was visiting her father in the home he shared with his mother, and she called her boyfriend to pick her up. After the boyfriend arrived with another boy, her father, the appellant, beckoned her to join him in the kitchen. He asked her to "give him another chance" which she interpreted to mean to allow him to have sexual relations with her. He threatened to beat up her boyfriend if she did not submit. After R.A.G. asked how they could do this with others in the home the appellant sent the boys out to buy beer and sent his mother to her room. He then walked out to the back porch and R.A.G. followed. He pulled down his pants; she pulled down hers and they began to have sexual intercourse. When R.A.G.'s boyfriend returned shortly thereafter, she pushed herself away and went into the bathroom. She then left with her boyfriend. Two month's later she reported the incident. She also testified the appellant had forced sexual relations with her since she was ten years old.

Appellant testified and denied the allegations. He stated R.A.G. beckoned him into

the kitchen to discuss buying marijuana. Appellant's mother and son testified they had lived in the home with the appellant and R.A.G. and never seen them engage in sexual activity.

Appellant urges R.A.G.'s testimony requires corroboration because: (1) R.A.G. could not remember the exact date of the rape, (2) she did not report the alleged rape for two months, and (3) her testimony conflicts with his and that of his mother.

Corroboration is necessary for admission of a rape victim's testimony only where the testimony is so unsubstantial and incredible as to be unworthy of belief. *Ray v. State*, 762 P.2d 274, 277 (Okl.Cr.1988); *Lucero v. State*, 717 P.2d 605, 606 (Okl.Cr.1986).

Under the circumstances of this case where time is not of the essence, and R.A.G. narrowed the date within the three week period between her birthday and Christmas, the failure to allege a date certain does not render her testimony unworthy of belief. *See accord, State v. Hamrick*, 714 S.W.2d 566 (Mo.App.1986). Likewise, the failure to report the crime goes to the weight of the evidence, but does not make otherwise clear testimony inherently improbable and unworthy of belief. Neither does conflicting testimony, even sharply conflicting testimony, trigger the need for corroboration. *Pierce v. State*, 786 P.2d 1255 (Okl.Cr.1990). The testimony of R.A.G. was properly admitted without corroboration. Her testimony provided sufficient evidence to support the conviction. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985).

Finding no error which warrants reversal or modification, judgment and sentence is **AFFIRMED.**

LUMPKIN, P.J., JOHNSON, V.P.J., and CHAPEL, J., concur.