GORDON v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:GORDON v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 GORDON v. STATE
2019 OK CR 24
451 P.3d 573
Case Number: F-2018-624
Decided: 10/03/2019
BRYON LYND GORDON, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 24, 451 P.3d 573

 

 

SUMMARY OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Bryon Lynd Gordon, was tried by jury and convicted of Count 1, Forcible Oral Sodomy, in violation of 21 O.S.Supp.2016, § 888,[1] in the District Court of Bryan County Case Number CF-2017-64. The jury recommended as punishment ten years imprisonment. The trial court sentenced Appellant accordingly. It is from this judgment and sentence that Appellant appeals.

¶2 Appellant raises the following propositions of error in this appeal:

I. The trial court abused its discretion by ruling, without inquiry, that the alleged victim was competent to testify at jury trial violating the Sixth Amendment of the United States Constitution, Article 2, § 20 of the Oklahoma Constitution, and 12 O.S.2011, §§ 2601-2603.

II. The Magistrate abused its [sic] discretion by considering testimony from an alleged victim who was incompetent during preliminary hearing, in violation of the Sixth Amendment of the United States Constitution, Article 2, § 20 of the Oklahoma Constitution, and 12 O.S.2011, §§ 2601-2603.

III. The trial court abused its discretion when it allowed the admission of unreliable hearsay without exception and introduced without inquiring into the reliability of the hearsay statements, in violation of 21 O.S.Supp. 2013, § 2803.1.

IV. Because the testimony and statements of the alleged victim were inconsistent, incredible, and unbelievable, corroboration was required. The testimony was not adequately corroborated and therefor [sic] the evidence was insufficient to support the conviction.

V. Error occurred when the trial court failed to properly instruct the jury, in violation of Mr. Gordon's due process rights under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution.

VI. Mr. Gordon was prejudiced by Vicki Palmore's testimony vouching for the credibility of R.S.

VII. Mr. Gordon was denied his right to the effective assistance of counsel, in violation of the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7, 9, and 20, of the Oklahoma Constitution.

VIII. Cumulative errors deprived Mr. Gordon of a fair proceeding and a reliable outcome.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶4 In Proposition One, Appellant contends the trial court committed an abuse of discretion by not making an inquiry regarding the victim's, R.S.'s, competency to testify.[2] Prior to trial, Appellant requested the trial court to hold an in camera hearing to determine if R.S. was able to differentiate between truth and fiction. The trial court denied the motion, finding the preliminary hearing court determined that R.S. was a competent witness, either expressly or by virtue of the fact that the magistrate allowed R.S. to testify.

¶5 "Determination of a witness' competency to testify is a matter of discretion for the trial judge and that determination will not be disturbed unless the party asserting error shows a clear abuse of discretion." Gilson v. State, 2000 OK CR 14, ¶ 59, 8 P.3d 883, 906. An abuse of discretion has been defined as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented or, stated otherwise, any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161,170 (internal citation and quotation marks omitted).

¶6 Reviewing the record, we find the trial court did not abuse its discretion in finding R.S. to be a competent witness. The Oklahoma Statutes provide, "[e]very person is competent to be a witness except as otherwise provided in this Code." 12 O.S.2011, § 2601. A witness must have "personal knowledge of the matter" about which he is testifying. 12 O.S.2011, § 2602. "Every witness shall be required to declare before testifying that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." 12 O.S.2011, § 2603.

¶7 Although our cases have not addressed the competency of a witness with Down Syndrome, we have many that address the competency of child witnesses.[3] "A child is a competent witness under 12 O.S.1991, § 2603, if he or she can distinguish truth from fiction, has taken an oath, and demonstrated that he or she has personal knowledge of the crime." Gilson, 2000 OK CR 14, ¶ 59, 8 P.3d at 906. See also Hawkins v. State, 1994 OK CR 83, ¶ 27, 891 P.2d 586, 594-95 (where five year old child indicated she knew right from wrong and promised she would only tell what was right and her personal knowledge of the crime was shown, trial court properly found her to be a competent witness); Dunham v. State, 1988 OK CR 211, ¶ 8, 762 P.2d 969, 972 (where four year old child acknowledged he would be punished for making up stories and his personal knowledge of the crime was shown, trial court properly found him competent as a witness despite some confusion on his part during trial).

¶8 The record shows that R.S. was competent to testify. The preliminary hearing magistrate administered the oath to R.S. and he swore to tell nothing but the truth. R.S. told the prosecutor he did not lie but only told the truth. He further told the prosecutor that when people tell lies, they go to Hell. R.S. demonstrated his personal knowledge of the crime when he testified how Appellant put his penis into R.S.'s mouth.

¶9 That R.S.'s testimony may have been inconsistent in some respects does not affect his competency as a witness but only goes to the weight and credibility of his testimony, which may properly be addressed on cross-examination. Gilson, 2000 OK CR 14, ¶ 60, 8 P.3d at 907. Defense counsel thoroughly cross-examined R.S.

¶10 R.S. similarly demonstrated his competence as a witness at trial. R.S. received the oath and swore to tell the truth. He demonstrated that he knew the difference between the truth and a lie. When asked by the prosecutor whether it would be okay if she told a lie that R.S. did something wrong, R.S. answered in the negative. R.S. established his personal knowledge of the crime when he testified that Appellant touched R.S.'s mouth with his penis and had his penis in R.S.'s mouth.

¶11 While there may have been inconsistencies in R.S.'s trial testimony, they were squarely before the jury and it was for the jury to decide R.S.'s credibility and the weight to give his testimony. Cf. Gray v. State, 1982 OK CR 137, ¶ 23, 650 P.2d 880, 885 (once a child has taken an oath and has personal knowledge of the matters at issue, "[i]t is then for the jury to decide the amount of credence to be afforded such testimony").

¶12 Although it was error for the trial court to deny the defense motion for a hearing on R.S.'s competence as a witness, we find the error was harmless. The above record demonstrates R.S. was a competent witness and further discussion in Proposition Three also supports our finding of harmlessness due to the trial court's failure to hold a hearing as requested by the defense. Proposition One is denied.

¶13 In Proposition Two, Appellant claims the preliminary hearing magistrate abused his discretion by considering testimony from an incompetent witness in making his bind over decision. Appellant did not file a motion to quash challenging the sufficiency of the evidence at preliminary hearing prior to entering his plea at formal arraignment. This Court has previously reviewed claims concerning irregularities at preliminary hearing where there was no motion to quash and a plea entered at formal arraignment for plain error, i.e., Burgess v. State, 2010 OK CR 25, ¶ 16, 243 P.3d 461, 464 and Primeaux v. State, 2004 OK CR 16, ¶ 18, 88 P.3d 893, 900. However, our jurisprudence on this matter leads us to conclude that these claims are waived and not subject to plain error review. See Berry v. State, 1992 OK CR 41, ¶ 9, 834 P.2d 1002, 1005 (where the appellant entered a plea at formal arraignment, he waived any irregularities which may have occurred at preliminary hearing); Money v. State, 1985 OK CR 46, ¶ 5, 700 P.2d 204, 206 (same); Crawford v. State, 1984 OK CR 89, ¶ 14, 688 P.2d 347, 350 (irregularities in bind over order waived where the appellant entered a plea at formal arraignment); and Hambrick v. State, 1975 OK CR 86, ¶ 11, 535 P.2d 703, 705 ("When a defendant, upon arraignment, pleads to the merits and enters on trial, he waives . . . any irregularities [in the preliminary examination]."). Cf. Thompson v. State, 2018 OK CR 5, ¶ 4, 419 P.3d 261, 262 (review of the trial court's denial of the appellant's motion to quash Supplemental Information waived where the appellant failed to timely assert that the evidence at preliminary hearing was insufficient before he entered his plea at formal arraignment); Brennan v. State, 1988 OK CR 297, ¶ 7, 766 P.2d 1385, 1387 (a plea on the merits operates as a waiver of preliminary hearing).

¶14 We now hold that where there is no motion to quash filed after preliminary hearing and the appellant enters a plea at formal arraignment, unless additional time in which to enter a plea or file motions is reserved by the defense or set by the magistrate to allow for the filing of additional motions, any irregularities in the preliminary hearing process are waived from appellate review. This procedure follows our historical precedent and ensures any challenges to the preliminary hearing are presented to the trial judge so the court can resolve all appropriate matters prior to trial. Therefore, Appellant's claim within this proposition is waived. To the extent that they are inconsistent with this rule, this Court's decisions in Burgess and Primeaux are overruled.

¶15 In Proposition Three, Appellant argues that hearsay was improperly admitted in the form of his mother Vicki Palmore's testimony about what R.S. told her initially regarding Appellant's abuse of him and of the video of R.S.'s forensic interview (State's Exhibit 2). He maintains this evidence was inadmissible since the State failed to provide the notice required by 12 O.S.Supp.2013, § 2803.1 and the trial court failed to hold the hearing required by that section.

¶16 Defense counsel objected to Palmore's testimony on the basis of hearsay. He objected to the video of the interview on the basis of violation of the statutory requirements of Section 2803.1. In this appeal, however, Appellant challenges Palmore's testimony on the basis of a violation of the statutory requirements of Section 2803.1. Thus, we review the claim regarding Palmore's testimony for plain error only. Hill v. State, 1995 OK CR 28, ¶ 26, 898 P.2d 155, 164. We use the plain error test found in Simpson v. State, 1994 OK CR 40, ¶¶ 2, 11, 23 30, 876 P.2d 690, 693-95, 698, 700-01. Under that test, we determine whether Appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Simpson, 1994 OK CR 40, ¶ 30, 876 P.2d at 701. See also Jackson v. State, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.

¶17 Appellate review of the claim regarding the video of R.S.'s forensic interview is for an abuse of discretion. Pullen v. State, 2016 OK CR 18, ¶ 10, 387 P.3d 922, 927. We utilize the definition of abuse of discretion found in Neloms, 2012 OK CR 7, ¶ 35, 274 P.3d at 170, and set forth in Proposition I.

¶18 Section 2803.1(A) allows the admission at trial of statements made by an incapacitated person regarding "any act of sexual contact performed with or on the . . . incapacitated person." It requires a hearing, outside the presence of the jury, for the trial court to determine if "the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy." Id. Section 2803.1(A)(1) provides that the trial court, in determining the trustworthiness of the statement, may consider, among other things, the spontaneity and consistent repetition of the statement, the declarant's mental state at the time of the statement, whether the terminology used is unexpected of an incapacitated person and whether lack of a motive to fabricate exists. Section 2803.1(B) requires that notice be given of the intention to use the statement at least ten days prior to trial in order for the adverse party to prepare to answer the statement.

¶19 This Court has determined that the list of permissive "factors" set forth in § 2803.1 is not exclusive. State v. Juarez, 2013 OK CR 6, ¶ 9, 299 P.3d 870, 873. Instead, the trial court is to determine whether the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy. Folks v. State, 2008 OK CR 29, ¶ 10, 207 P.3d 379, 382.

¶20 Error occurred in this case not only because the State failed to provide notice as required by Section 2803.1, but also because the trial court failed to hold the statutorily required hearing. Proponents of these statements must ensure that they give the statutorily mandated notice and trial courts must ensure that they hold the requisite hearing regarding these statements. The State concedes that omission of the notice and hearing constituted error but argues that these errors were harmless since the defense had constructive notice of the statements and since the statements bore sufficient indicia of reliability so as to render them inherently trustworthy and thus, the statements were properly admissible. While we agree these errors are harmless in the present case, practitioners and trial courts must follow the statutorily mandated requirements found in Section 2803.1.

¶21 This Court has held that the State's failure to provide actual notice as required by Section 2803.1 constitutes plain reversible error where the defendant did not have constructive notice of the hearsay statements. Spears v. State, 1991 OK CR 13, ¶¶ 5-7, 805 P.2d 681, 683, overruled by Simpson, 1994 OK CR 40, ¶ 9, 876 P.2d at 694 ("Spears is incorrect insofar as it precludes the possibility of harmless error under any circumstances."). We have similarly concluded that failure to comply with the hearing requirements set forth in § 2803.1 constitutes plain error. Simpson, 1994 OK CR 40, ¶ 2, 876 P.2d at 693; Kennedy v. State, 1992 OK CR 67, ¶ 17, 839 P.2d 667, 671. However, these types of errors are subject to harmless error analysis. Simpson, 1994 OK CR 40, ¶ 9, 876 P.2d at 694; Kennedy, 1992 OK CR 67, ¶ 17, 839 P.2d at 671.

¶22 In Simpson, we found that the trial court's error in omitting to hold the Section 2803.1 hearing was harmless "because we have no 'grave doubts' this failure had a 'substantial influence' on the outcome of the trial." Id., 1994 OK CR 40, ¶ 37, 876 P.2d at 702. In J.J.J. v. State, 1989 OK CR 77, ¶ 5, 782 P.2d 944, 945-946, this Court found that the trial court's failure to hold the Section 2803.1 hearing was harmless as follows: "Had the judge heard the same evidence in camera, there is no doubt that he would have made the same ruling."

¶23 Reviewing the record in the present case, we find that the omissions did not have a substantial influence on the outcome of the trial and thus conclude that the errors were harmless. The record affirmatively establishes that Appellant had constructive notice of the State's intention to introduce the challenged statements at trial and that the statements were inherently trustworthy.

¶24 Palmore testified at preliminary hearing that R.S. told her he and Appellant were having sex. Additionally, Palmore's name was included in the State's discovery response filed two weeks prior to trial. The response included the statement that Palmore would testify in accordance with the reports and interviews attached to the response. One report attached was that of Lieutenant Tony Krebbs who interviewed Palmore. His report stated that Palmore told him that R.S. told her he and Appellant had sex and Appellant put his penis in R.S.'s mouth. Thus, the defense had adequate, constructive notice of Palmore's complained of testimony.

¶25 The record further affords this Court the ability to determine the reliability of the hearsay statement. We conclude that had the trial court judge heard the same evidence at the statutory hearing, there is no doubt that the judge would have found the subject hearsay statement was admissible. When the statement is analyzed pursuant to the factors set forth in Section 2803.1, R.S.'s statement to Palmore was spontaneous, repeated and there was no evidence of any motive for R.S. to fabricate. Palmore merely asked R.S. what had happened and R.S. said that he and Appellant were having sex. The fact that R.S.'s statement was made in response to questioning does not preclude a finding of spontaneity in the statement. Cf. Folks, 2008 OK CR 29, ¶12, 207 P.3d at 382 (mere fact that a child victim's statements are made in response to questioning does not preclude a finding of spontaneity in the statements). R.S. repeated the statement during his forensic interview. He told the interviewer that he told his mother about what Appellant did to him. At preliminary hearing, R.S. acknowledged that he and Appellant had a relationship that involved sex and that he told Palmore about it. R.S. testified that Appellant had sex with him and put his penis in R.S.'s mouth. Concerning a motive to fabricate, the record belies any such motive. R.S. testified he liked living with his sister and her family and he liked going to the casino with Appellant. Given this evidence, had the trial court held the statutory hearing, the statement would have been found to be admissible.

¶26 We similarly find the failure to give notice and hold the hearing mandated by Section 2803.1 with regard to the video of R.S.'s forensic interview to be harmless. In the discovery responses previously addressed, Reanae Childers was listed as a witness who would testify that she forensically interviewed R.S. and would testify in conformance with the attached video of the interview. Childers testified at preliminary hearing and the video was admitted into evidence at the hearing. Defense counsel stipulated that the video was a true and accurate recording of the interview. Thus, the defense had adequate constructive notice of this evidence.

¶27 We also conclude that had the trial court viewed State's Exhibit 2 at a statutory hearing, there is no doubt that the trial court would have found the subject hearsay statements were admissible. Review of State's Exhibit 2 shows that R.S., while difficult to understand, had no trouble verbalizing what Appellant did to him. R.S. told Childers the Appellant made R.S. "suck Appellant's dick." He told Childers this happened at Choctaw Casino. R.S. stated he told his mom about what happened. Childers's questions to R.S. were open-ended and not leading.

¶28 As previously shown, at preliminary hearing R.S. acknowledged that he and Appellant had a relationship that involved sex and that he told Palmore about it. R.S.'s testimony was virtually identical to his statements on the video. R.S. testified Appellant had sex with R.S. When asked if Appellant put his penis inside R.S., he responded that Appellant put his penis in R.S.'s mouth. Later, R.S. responded affirmatively when asked if Appellant had his penis in R.S.'s mouth. R.S. testified he told Palmore about what Appellant did to him. He confirmed that he and Appellant were at Choctaw Casino when these things happened.

¶29 The record is devoid of evidence that R.S. had a motivation to lie. R.S. testified he liked living with his sister and her family and he liked going to the casino with Appellant. Childers testified she saw no evidence of coaching. While the record shows that R.S. had a limited vocabulary and struggled to understand some of the questions asked, R.S.'s testimony that Appellant placed his penis in R.S.'s mouth was crystal clear.

¶30 Considering the totality of the circumstances surrounding R.S.'s hearsay statements, we find that the statements had sufficient indicia of reliability so as to be considered inherently trustworthy and were properly admissible. Therefore, we conclude that the errors associated with omission of the statutory notice and hearing in the present case did not have a substantial influence on the outcome of the trial and were harmless. While the record in this case makes the errors harmless, trial courts need to follow strictly the requirements of the statute as to notice and hearing to ensure no error takes place. Proposition Three is denied.

¶31 In Proposition Four, Appellant challenges the sufficiency of the evidence supporting his conviction. He does not take issue with proof of the elements of the crime. He argues only that R.S.'s testimony was not corroborated and his testimony about the crime was contradictory and inconsistent.

¶32 This Court follows the standard for the determination of the sufficiency of the evidence which the United States Supreme Court set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Easlick v. State, 2004 OK CR 21, ¶ 5, 90 P.3d 556, 559; Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. Under this test, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S. Ct. at 2789 (emphasis in original). A reviewing court must accept all reasons, inferences, and credibility choices that tend to support the verdict. Taylor v. State, 2011 OK CR 8, ¶ 13, 248 P.3d 362, 368.

¶33 The testimony of a non-consenting participant in sex crimes does not require corroboration. Martin v. State, 1987 OK CR 265, ¶ 6, 747 P.2d 316, 318. "A conviction may be sustained upon the uncorroborated testimony of the victim unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief." Jones v. State, 1988 OK CR 281, ¶ 10, 765 P.2d 800, 802. Additionally, although R.S. was not a child based upon his chronological age, his cognition and ability to communicate were childlike as shown on State's Exhibit 2.

¶34 "A child victim's testimony does not require corroboration when it is lucid, clear, and unambiguous." Applegate v. State, 1995 OK CR 49, ¶ 16, 904 P.2d 130, 136. Although a child may give a slightly different story before trial, corroboration is not required when her testimony at trial is consistent. Id. Alleged inconsistencies must relate to the actual criminal act rather than related events. Ray v. State, 1988 OK CR 199, ¶ 8, 762 P.2d 274, 277. Ultimately, "even sharply conflicting testimony" does not trigger the need for corroboration. Gilmore v. State, 1993 OK CR 27, ¶ 12, 855 P.2d 143, 145.

¶35 Reviewing the record in the present case, we find that R.S.'s testimony did not require corroboration. His account was lucid, clear, and unambiguous. Although R.S.'s testimony was not perfect, his overarching description of the sexual act perpetrated by Appellant upon him remained consistent throughout his many statements. Since R.S.'s testimony was properly admitted, the jury was free to consider it in determining Appellant's guilt. Reviewing the evidence in the present case in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Proposition Four is denied.

¶36 In Proposition Five, Appellant claims the trial court should have instructed the jury with Instruction No. 9-20, OUJI-CR (2d) regarding the use of R.S.'s prior inconsistent statements as impeachment evidence. He mentions several statements which he characterizes as inconsistent, but fails to cite to the record where these statements can be found. Appellant claims R.S. denied at preliminary hearing that Appellant's penis was in R.S.'s mouth, so the jury should have been instructed that it could consider his denials as substantive evidence of Appellant's guilt or innocence. This denial is not identified by reference to the record.

¶37 Appellant's failure to cite to the record with regard to the above complained of inconsistencies, results in waiver of those issues from appellate review. Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018). See also Tryon v. State, 2018 OK CR 20, ¶ 57, 423 P.3d 617, 636 (appellant failed to cite to the record where the complained of photographs were admitted; thus the claim regarding the photographs was waived pursuant to Rule 3.5(A)(5)). We address the single inconsistency cited in the record, R.S.'s own admission that he previously stated the allegations against Appellant were not true.

¶38 Appellant lodged no objection to the jury instructions, nor did he request additional instructions. Thus, review of this claim is limited to plain error. Witherow v. State, 2017 OK CR 17, ¶ 3, 400 P.3d 902, 904. We utilize the definition of plain error review set forth in Simpson, 1994 OK CR 40, ¶¶ 2, 11, 23 30, 876 P.2d at 693-95, 698, 700-01. Jury "[i]nstructions are sufficient where they accurately state the applicable law." Runnels v. State, 2018 OK CR 27, ¶ 19, 426 P.3d 614, 619.

¶39 In the only cited portion of R.S.'s testimony, on cross-examination R.S. admitted he previously stated the allegations against Appellant did not occur. Consequently, the jury should have been instructed regarding the use of R.S.'s prior inconsistent statement. However, we find no plain error in the trial court's failure to instruct the jury as it did not affect Appellant's substantial rights.

¶40 The record demonstrates the jury was instructed that evidence included witness testimony, that the jury had all of the evidence proper for its determination and that the jury should rely on the evidence to reach its verdict. Thus, the jury was not precluded in any way from considering all of R.S.'s testimony or all the other testimony presented. Cf. Mitchell v. State, 2011 OK CR 26, ¶ 104, 270 P.3d 160, 184, overruled on other grounds by Nicholson v. State, 2018 OK CR 10, 421 P.3d 890 (no plain error due to trial court's failure to instruct the jury on impeachment of a witness by prior inconsistent statement where other instructions allowed the jury to fully consider all the evidence presented). Moreover, given the relatively light ten year sentence Appellant received, it is clear Appellant was not prejudiced by the omission of the subject jury instruction. Proposition Five is denied.

¶41 In Proposition Six, Appellant contends Palmore vouched for R.S.'s credibility. He argues Palmore affirmatively stated she believed R.S. was telling the truth about the allegations against Appellant. Appellant did not object to the testimony at issue; therefore, we review this claim for plain error. Taylor, 2011 OK CR 8, ¶ 57, 248 P.3d at 379. We utilize the definition of plain error review set forth in Simpson, 1994 OK CR 40, ¶¶ 2, 11, 23 30, 876 P.2d at 693-95, 698, 700-01.

¶42 "Evidence is impermissible vouching only if the jury could reasonably believe that a witness is indicating a personal belief in another witness's credibility, either through explicit personal assurances of the witness's veracity or by implicitly indicating that information not presented to the jury supports the witness's testimony." Simpson v. State, 2010 OK CR 6, ¶ 36, 230 P.3d 888, 901 (internal quotation omitted). Because Palmore explicitly testified she believed R.S. was telling the truth, this was error. However, we find no plain error in this isolated statement because it did not affect Appellant's substantial rights. Cf. Bench v. State, 2018 OK CR 31, ¶ 135, 431 P.3d 929, 966 (prosecutor's isolated reference to extra-record facts did not constitute plain error because the reference did not affect the appellant's substantial rights or prejudice him). See also Mitchell v. State, 2016 OK CR 21, ¶ 30, 387 P.3d 934, 945 (no plain error where the appellant failed to show any prejudice).

¶43 R.S.'s own admission, addressed in Proposition Five, showed that R.S. previously told others that the allegations against Appellant were untrue. Erik Smith, R.S.'s nephew, testified that R.S. told him the allegations against Appellant were not true. The jury observed R.S.'s demeanor and those of the other witnesses as they testified and was instructed that it determined the credibility of the witnesses. Additionally, the jury was instructed that it could consider a witness's bias in judging the witness's credibility. Clearly, Palmore's status as R.S.'s mother was a factor that the jury would consider in making its credibility determination. The record shows Appellant suffered no prejudice resulting from Palmore's testimony. Therefore, no plain error occurred. Proposition Six is denied.

¶44 In Proposition Seven, Appellant maintains that his counsel was ineffective. He argues counsel failed to do the following: to request Instruction No. 9-20, OUJI-CR (2d), to object to Palmore's testimony that R.S. was telling the truth about the allegations against Appellant, and to question R.S. regarding prior accusations of sexual assault against anyone besides Appellant.

¶45 This Court reviews ineffective assistance of counsel claims under the two-part test mandated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. "The Strickland test requires an appellant to show: (1) that counsel's performance was constitutionally deficient; and (2) that counsel's deficient performance prejudiced the defense." Id. To establish prejudice under Strickland, a defendant "must show there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors." Barnes v. State, 2017 OK CR 26, ¶ 17, 408 P.3d 209, 216. We found in Propositions V and VI that Appellant failed to show that plain and reversible error occurred. As a result, Appellant has not shown a reasonable probability that the outcome of the trial would have been different but for counsel's failures. Runnels, 2018 OK CR 27, ¶ 38, 426 P.3d at 623-24 (where no plain and reversible error occurred, no reasonable probability that the outcome of the trial would have been different but for counsel's failures was shown).

¶46 Appellant contends R.S. testified at preliminary hearing that he told others that someone besides Appellant did unwanted sexual things to him. However, the record shows Appellant's contention is not entirely borne out by the record. After R.S. gave Smith's name in response to defense counsel's question about whether someone besides Appellant did unwanted sexual things to him, R.S. explained that Smith yelled at Palmore and denied Smith did anything to him. R.S. denied three more times that anyone besides Appellant did unwanted sexual acts with him. Had defense counsel impeached R.S. with his statement about Smith, the State would have clarified the defense interpretation of R.S.'s statement since R.S. denied Smith did anything to him and explained that Smith yelled at R.S.'s mother. Given the lack of clarity in the preliminary hearing record regarding other allegations, counsel made the reasonable strategic decision not to pursue this line of questioning with R.S. See Lee v. State, 2018 OK CR 14, ¶ 14, 422 P.3d 782, 786 (where there is a reasonable basis for counsel's actions, trial strategy will not be second-guessed on appeal). We find counsel was not ineffective. Proposition Seven is denied.

¶47 In his last proposition, Appellant argues the cumulative effect of the errors in this case deprived him of a fair trial. Although we found four errors, the errors were harmless and did not affect Appellant's substantial rights. "Cumulative error does not require relief where the errors, considered together, do not affect the outcome of the proceedings." Bosse v. State, 2017 OK CR 19, ¶ 2, 406 P.3d 26, cert. denied, __ U.S. __, 138 S. Ct. 1264 (2018). Any errors found in this case did not require relief, and when considered cumulatively, do not require reversal or modification of the sentence. Proposition Eight is denied.

DECISION

¶48 The JUDGMENT and SENTENCE is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF BRYAN COUNTY
THE HONORABLE MARK R. CAMPBELL, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 ROBERT RENNIE
 RYAN RENNIE
 118 N. CHICKASAW ST.
 PAULS VALLEY, OK 73075
 COUNSEL FOR DEFENDANT

 WHITNEY KERR
 ASST. DISTRICT ATTORNEY
 117 N. THIRD STREET
 DURANT, OK 74701
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 SARAH MACNIVEN
 OKLA. INDIGENT DEFENSE
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLAHOMA
 JULIE PITTMAN
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

 

OPINION BY: LUMPKIN, J.
LEWIS, P.J.: Concur in Part Dissent in Part
KUEHN, V.P.J.: Concur in Part Dissent in Part
HUDSON, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] Appellant must serve 85% of his sentence in Count 1 before becoming eligible for consideration for parole. 21 O.S.Supp.2015, § 13.1. The trial court granted Appellant's demurrer to Count 2, Second Degree Rape, at the conclusion of the State's case.

[2] R.S. has Down Syndrome.

[3] Vicki Palmore testified at preliminary hearing that her son R.S. had the mental age of a five or six year old child.

LEWIS, PRESIDING JUDGE, CONCURS IN PART AND DISSENTS IN PART: 

¶1 Concerning the Court's discussion in Proposition Two, I agree that Appellant waived his objection to the complainant's testimony at preliminary examination by failing to file a motion to quash before trial. The trial court later took Appellant's written objection to the complainant's competency under advisement, subject to a further objection when the complainant testified. Appellant never renewed his objection, waiving any error. The record clearly indicates the witness was competent, and any error was harmless. I respectfully dissent from the rest of the discussion, as the Court should either consistently follow the plain error doctrine of Simpson v. State, 1994 OK CR 40, 876 P.2d 690, or abandon it altogether.

¶2 In Simpson, the Court expansively defined an "error" as "a deviation from a legal rule." Id., 1994 OK CR 40, ¶ 10, 876 P.2d at 694. Serious errors or irregularities in preliminary criminal proceedings (involving the initial arrest, complaint, and preliminary examination) could conceivably deprive a defendant of substantial rights, see Okla. Const. art. 2, § 17, or even deprive the trial court of jurisdiction. Nicodemus v. District Court, 1970 OK CR 83, ¶ 5, 473 P.2d 312, 314 (lawful preliminary examination, or waiver, is necessary to trial court's jurisdiction). Deviations from the rules governing preliminary proceedings can be waived by a failure to timely object or file a motion to quash before the trial court. But such errors have theoretically remained subject to appellate correction when they seriously affect the fairness, integrity, or public reputation of criminal proceedings, or otherwise result in a miscarriage of justice. Simpson, 1994 OK CR 40, ¶ 30, 876 P.2d at 700-701.

¶3 Today the Court needlessly resurrects "the old, draconian rule barring an appellant from any possible relief because his attorney failed to preserve an error" by failing to file a motion to quash at arraignment. Simpson, 1994 OK CR 40, ¶ 30, 876 P.2d at 700. The modern workaround for such waivers is already well known: Appellate counsel can avoid such waivers on appeal simply by claiming that trial counsel's failure to preserve these now-unreviewable preliminary errors violated the defendant's Sixth Amendment right to effective assistance of counsel.

¶4 The Court is then constitutionally obliged to assess the underlying, unpreserved claims of error under at least one prong of the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), a task which is conceptually intertwined with, and often indistinguishable from, plain error review. See, e.g., Vanderpool v. State, 2018 OK CR 39, ¶ 52, 434 P.3d 318, 329 (noting that counsel's failure to object was not prejudicial under Strickland because, in part, underlying allegations did not rise to level of "plain error").

¶5 I agree that defense counsel should be strongly encouraged to lodge all viable complaints about the preliminary proceedings with the trial court in the form of timely pre-trial demurrers, motions to quash, and motions to set aside. But the pursuit of this policy through maximalist rules of waiver; and the somewhat more laudable attempts to mitigate harsh waivers through the plain error doctrine, are largely superfluous. Our constitutional system guarantees reasonably effective assistance of counsel at every critical stage of a criminal prosecution, and this Court must enforce that guarantee whenever an attorney's omission results in procedural default of a serious legal error.

¶6 The Court could simplify direct appeals considerably by affording ordinary review on the legal merits of alleged errors preserved by timely objections, and reviewing any unpreserved allegations of error raised by appellate counsel under the Sixth Amendment rubric of ineffective assistance of trial counsel. Plain error review could then be relegated to a judicial fail-safe for the correction of substantial errors noticed in the first instance by the Court.

KUEHN, V.P.J., CONCUR IN PART AND DISSENT IN PART:

¶1 In Proposition II, the Majority overrules case law that applied plain-error review to certain types of unpreserved claims. I join Presiding Judge Lewis in concluding that plain-error review fairly balances the need for timely challenges against the possibility of manifest injustice. That review should not be lightly abandoned.

¶2 Simpson v. State, 1994 OK CR 40, 876 P.2d 690, provides a simple framework for appellate review of all unpreserved claims. Today the Majority creates a special sub-class of claims that are beyond Simpson's reach, but offers no rationale for the classification. Some unpreserved claims are, it seems, better than others. Which unpreserved claims will receive Simpson's plain-error review, which will simply be passed over, and what is the rational distinction for such different treatment?

¶3 The Majority finds "historical precedent" for a rule that claims of error confined to preliminary proceedings are beyond this Court's power to correct. This conclusion is the result of some very selective reading. Cases declaring "waiver" of such unpreserved claims, but still considering whether there is plain evidence of prejudice, are legion.[1] Even cases the Majority cites in support of its rule employ this analysis.[2] As Presiding Judge Lewis observes in his separate writing, antiquated and "draconian" rules of waiver -- like the one the Majority adopts here -- are exactly what Simpson sought to abrogate. Id., 1994 OK CR 40¶ 30, 876 P.2d at 700. The Court should not be inventing solutions to problems that don't exist.

¶4 In Proposition III, I agree with the Majority that failure to file a notice pleading and hold a reliability hearing as required by statute in this case was error, but I disagree with how the Court resolves the claim. Two witnesses testified about what the victim said to them in this case: the victim's mother and the forensic interviewer. As to the statement made to the mother, no reliability hearing was necessary. The victim said he "had sex with" Appellant, but his mother did not believe him. This brief statement, lacking any detail, was offered only to show why the victim's mother asked Appellant about the matter. It was not offered for the truth of the matter asserted, and was not hearsay. 12 O.S.2011, § 2801(A)(3). Therefore, there was no error in failing to hold a reliability hearing on the statement, nor was there harm in admitting it.

¶5 The detailed descriptions of sexual abuse made by the victim to the forensic interviewer, however, are a different story. Admission of this evidence absent a pretrial reliability hearing, as required by 21 O.S.Supp.2013, § 2803.1, should be reviewed for an abuse of discretion, as Appellant timely objected below on these grounds.[3] See Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. This Court typically has scoured the record to determine whether the trial court would have found the hearsay admissible, if a proper hearing had been held. I think this practice of substituted judgment should stop, as it only encourages trial courts and prosecutors to continue to neglect the requirements of § 2803.1. The trial court is naturally in a better position to be the fact-finder, and § 2803.1 makes it the trial court's job, not this Court's. As I have stated before, "[b]ecause hearsay statements from a child victim can have a powerful effect on a jury, the Legislature directs trial courts to review that evidence in advance of its admission, giving both parties a chance to test it and argue for or against its reliability." Loya v. State, F-2017-65 (unpub. Aug. 23, 2018) (Kuehn, J., specially concurring). We should honor the intent of that statute, and halt our own review of the record to determine reliability.

¶6 Here, it was an abuse of discretion not to hold the mandatory hearing, and the evidence was inadmissible. However, relief is not warranted as there was ample evidence for the jury to convict Appellant and the error did not result in a miscarriage of justice. 20 O.S.2011, § 3001.1.[4]

FOOTNOTES

[1] E.g., Jennings v. State, 92 Okl.Cr. 347, 351, 223 P.2d 562, 565 (1950) ("This court cannot consider questions that were not raised in the trial court as authorized by statute, unless fundamental error prejudicial to the substantial rights of appellant is apparent") (citations omitted); Franklin v. State, 17 Okl.Cr. 348, 188 P. 686, 687 (1920) ("Where the defendant fails to question the sufficiency of an information as authorized by the provisions of the code of criminal procedure, he in effect waives any and all defects, except such as are fundamental").

[2] E.g., Money v. State, 1985 OK CR 46, ¶ 5, 700 P.2d 204, 206 (briefly mentioning waiver, after concluding that "it is not conceivable that the appellant was surprised or prejudiced" by the alleged error); Hambrick v. State, 1975 OK CR 86, ¶ 11, 535 P.2d 703, 705 (claim was denied for several reasons; one was "waiver," another was that the defendant "failed to show that he was prejudiced in any of his substantial rights").

[3] The Majority outlines this procedure, but then seems to review the claim for harmlessness.

[4] "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." 20 O.S.2011, § 3001.1.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1987 OK CR 265, 747 P.2d 316, MARTIN v. STATE
Discussed
 1988 OK CR 199, 762 P.2d 274, RAY v. STATE
Discussed
 1988 OK CR 211, 762 P.2d 969, DUNHAM v. STATE
Discussed
 1988 OK CR 281, 765 P.2d 800, JONES v. STATE
Discussed
 1988 OK CR 297, 766 P.2d 1385, BRENNAN v. STATE
Discussed
 1989 OK CR 77, 782 P.2d 944, J.J.J. v. STATE
Discussed
 1991 OK CR 13, 805 P.2d 681, SPEARS v. STATE
Discussed
 1992 OK CR 41, 834 P.2d 1002, BERRY v. STATE
Discussed
 1992 OK CR 67, 839 P.2d 667, KENNEDY v. STATE
Discussed at Length
 1993 OK CR 27, 855 P.2d 143, GILMORE v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed at Length
 1994 OK CR 83, 891 P.2d 586, HAWKINS v. STATE
Discussed
 1995 OK CR 28, 898 P.2d 155, HILL v. STATE
Discussed
 1995 OK CR 49, 904 P.2d 130, APPLEGATE v. STATE
Discussed
 1920 OK CR 62, 188 P. 686, 17 Okl.Cr. 348, Franklin v State
Cited
 2004 OK CR 16, 88 P.3d 893, PRIMEAUX v. STATE
Discussed
 2004 OK CR 21, 90 P.3d 556, EASLICK v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2008 OK CR 29, 207 P.3d 379, FOLKS v. STATE
Discussed at Length
 2010 OK CR 6, 230 P.3d 888, SIMPSON v. STATE
Discussed
 2010 OK CR 25, 243 P.3d 461, BURGESS v. STATE
Discussed
 2011 OK CR 8, 248 P.3d 362, TAYLOR v. STATE
Discussed at Length
 2011 OK CR 26, 270 P.3d 160, MITCHELL v. STATE
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed at Length
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed
 2013 OK CR 6, 299 P.3d 870, STATE v. JUAREZ
Discussed
 1975 OK CR 86, 535 P.2d 703, HAMBRICK v. STATE
Discussed at Length
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2016 OK CR 5, 371 P.3d 1120, JACKSON v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2016 OK CR 21, 387 P.3d 934, MITCHELL v. STATE
Discussed
 2017 OK CR 17, 400 P.3d 902, WITHEROW v. STATE
Discussed
 2017 OK CR 19, 406 P.3d 26, BOSSE v. STATE
Discussed
 2017 OK CR 26, 408 P.3d 209, BARNES v. STATE
Discussed
 2018 OK CR 5, 419 P.3d 261, THOMPSON v. STATE
Discussed
 2018 OK CR 10, 421 P.3d 890, NICHOLSON v. STATE
Discussed
 2018 OK CR 14, 422 P.3d 782, LEE v. STATE
Discussed
 2018 OK CR 20, 423 P.3d 617, TRYON v. STATE
Discussed
 2018 OK CR 27, 426 P.3d 614, RUNNELS v. STATE
Discussed at Length
 2018 OK CR 31, 431 P.3d 929, BENCH v. STATE
Discussed
 2018 OK CR 39, 434 P.3d 318, VANDERPOOL v. STATE
Discussed
 1950 OK CR 131, 223 P.2d 562, 92 Okl.Cr. 347, JENNINGS v. STATE
Cited
 1982 OK CR 137, 650 P.2d 880, GRAY v. STATE
Discussed
 1970 OK CR 83, 473 P.2d 312, NICODEMUS v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 1984 OK CR 89, 688 P.2d 347, CRAWFORD v. STATE
Discussed
 1985 OK CR 46, 700 P.2d 204, MONEY v. STATE
Discussed at Length
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
 2000 OK CR 14, 8 P.3d 883, 71 OBJ 2063, Gilson v. State
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2803.1, Statements by Certain Children Regarding Physical or Sexual Abuse - Admissibility
Cited
 12 O.S. 2601, General Rule of Competency
Cited
 12 O.S. 2602, Lack of Personal Knowledge
Cited
 12 O.S. 2603, Oath or Affirmation
Discussed
 12 O.S. 2801, Definitions
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 888, 21 888, Forcible Sodomy
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA